Crogan v. Schiele.

JOHN CROGAN AND WIFE vs. LOUIS SCHIELE.

The defendant owned a factory set back ten feet from the line of a city
street, and running along the street eighty-eight feet, with the space in
front paved like the adjoining sidewalk and of the same grade. In
front of the factory was a porch extending a little way towards the
street, with a door in it, used as the main entrance, and by the side of
the porch a depressed area extending along the building, about ten feet
long, three feet wide and five deep, with no railing to protect persons
from falling in. The plaintiff on a lawful errand undertook to go in
the evening from the street to the porch, and, without want of care,
fell into the open area and was injured. Held that the defendant was
liable.

Where a person has so made the way leading to a building on his premises
as to invite people to pass along the way to such building, he is bound
to keep the way clear of dangers.

And it is not necessary in such a case that the person using the way should
be a traveler on the highway.

And where the owner of a building near a street line throws open the in-
tervening space to public use, and by paving it like the adjacent side-
walk invites the public to use it as a part of the sidewalk, he is bound
to keep the space so offered for public use free from dangers.

Where a cause of danger to public travel exists on private land adjoining a
public highway, the liability of the owner of the land for an injury
from it depends on its dangerous character with reference to public
travel rather than its exact location.

The question whether it endangers public travel is, as a general rule, one
of fact and not of law.

Upon a hearing in damages upon a demurrer overruled, in a suit for an in-
jury by the defendant's negligence, the admission of the demurrer ex-
hausts itself in conclusively establishing the defendant's liability for
some damages and casting upon him the burden of proof as to the ab-
sence of negligence. He does not go into this inquiry weighted with
the admission, and is not under the necessity of proving his case by
more than a preponderance of evidence.

[Argued June 10th—decided July 3d, 1885.]

ACTION for an injury by reason of the negligence of the
defendant; brought to the Superior Court.

The first count of the complaint alleged that the defend-
ant, on the 17th day of November, 1883, was the possessor
and occupier of certain premises with the appurtenances
situate in the city of New Haven, adjoining a certain public
highway in said city known as Franklin street, and kept,

Crogan *v.* Schiele.

maintained and permitted to remain on said premises, substantially adjoining said public highway and so near the public footway of said highway as to make the use of the same unsafe and dangerous, a deep area or pit, without rail, cover or guard of any kind ; and that on said day and in the night time thereof, the plaintiff Sarah M. Crogan was passing along said public footway of said highway, and by reason of the existence of said area or pit and for want of proper rail, cover or guard to the same, she, although being in the exercise of due care, passed from said highway and slipped and fell into the said area or pit. And that thereby the head and body of the plaintiff were bruised and wrenched, and her foot lacerated and broken, and permanently disabled, and she suffered great pain, and has been forced to lay out and expend large sums of money in endeavoring to be healed, to wit, $200.

The second count alleged that, at the time when the plaintiff suffered the injuries described and for a long time previous thereto, the defendant kept and maintained upon his said land between the public footway or pavement on said Franklin street and said pit or area, a brick pavement or footway in all respects like the public pavement or footway, separated in no manner therefrom, and invited, licensed and permitted the public to make use of the same in the same manner and to the same extent that they made use of the public way, from which it was in no manner to be distinguished by the eye. And that on the 17th day of November, 1883, and in the evening of said day, the plaintiff Sarah M. Crogan was passing along said public way, and from the said public way passed over and upon the said brick pavement of the defendant, and by reason of the existence of the same and of said area or pit, and the want of any rail, cover or guard and of any light or warning, she, being in the exercise of due care, slipped and fell into said area or pit.

The defendant demurred to the complaint, the demurrer was overruled, and the case heard in damages before *Beardsley, J.* The court made the following finding of facts :

The defendant at the time of the injury complained of was the owner and in possession of a factory, eighty-eight feet long, built on his own land, parallel to and on the west side of Franklin street, in the city of New Haven, and ten feet distant from the westerly line of the street. The factory was erected by a former owner fifteen years before the time of the injury, and from the time of its erection to the present time the space between the front wall of the factory and the sidewalk of the street was enclosed by fences leading out from the ends of the factory direct to the sidewalk, but was otherwise open. The line of the sidewalk was, at the time of the accident, and had been, as against the adjacent lots, marked by the customary fences of owners adjoining the street.

Originally the building was used as a carriage shop, but it has been used by the defendant as a corset shop. Some three or four years ago the open space between the factory and sidewalk was paved with brick, on the same grade as that of the brick sidewalk.

The general course of the sidewalk from beyond each end of the defendant's lot, and the front fence lines of the adjoining owners, would indicate to the ordinary traveler the general line and course of the sidewalk along the defendant's lot, though there was nothing to mark the exact line of the separation between the sidewalk and the defendant's lot.

Near the north end of the factory and on the front side and next to it, there was and is an area, built when the building was erected, and ever since maintained, ten feet nine inches in length, two feet nine inches wide, and five feet four inches deep; the outer edge of which was seven feet and two inches from the line of the sidewalk.

This area was built, maintained and used for the purpose of letting in light through two windows into the basement of the factory. It was not used as a means of access to the factory.

The principal entrance to the factory was through a door built in the front of a wooden porch, painted in a light drab color, extending from the factory towards the street about a

foot and a half beyond the outer line of the area. The upper line of the porch was two feet from the south edge of the area. A street gas lamp stood on the same side of Franklin street, opposite to a point a little below the south end of the factory. The upper and outer edge of the area was on the same grade as that of the open space in front of the factory. The area was open and without rail or guard.

At the time of the accident the office of the factory was on the first story, and the office window was over the area. A gas light, turned low, was accustomed to burn in the office all night, and was burning at the time of the accident, but the shades of the windows were drawn within six inches of the bottom of it and did not light up the area, which was too far below the window for the light to strike it, but it did show the wooden porch. The street gas light at night would light up and show the wooden porch, though a portion of the area would be in the shade of the porch.

The factory was accustomed to shut down and close, and did shut down and close at the time of the accident, at six o'clock in the evening.

The plaintiff Mrs. Crogan resided in Collis street, a street leading into Franklin street, nearly opposite the south end of the factory. Her residence was on the north side of Collis street, in the second house, and only a few feet from the corner of Collis and Franklin streets.

The accident happened on the 17th day of November, 1883, at about eight o'clock in the evening.

Mrs. Crogan was engaged in writing a letter at her house, when she was informed that her son Joseph, then about nine years of age, was in the defendant's shop, sweeping with one Tony, a son of the defendant's janitor. She immediately dropped her pen and went out of her house to get her boy and bring him home. She went along the Collis street sidewalk to the corner of Franklin street, and then she took a direct line towards and to the wooden porch of the factory, crossing Franklin street diagonally. When she reached the porch she missed the door knob, and in stepping around to find it she fell into the area and was considerably hurt, sus-

taining actual damage to t ıe amount of $900, including a bill of $128 for medical sei vices incurred by reason of the injuries she so received.

While such an object as t ıe porch was visible, yet it was not light enough for a persc ı so unfamiliar with the premises as Mrs. Crogan was to discern the door, and she had not previously noticed the ex stence of the area and was not negligent in fact in not disco ering and avoiding it.

The boy Joseph was in faci in the factory at the time the plaintiff, his mother, went to look him up. The defendant's janitor was also in the factory at the time, but neither the defendant nor any other persc n in his employ. Joseph had no right, authority or license from the defendant to be in the factory at that time.

The defendant claimed:

1. That as at the time of the injury Mrs. Crogan was not in the exercise of any rights as a traveler upon a highway, but was upon the defendant's premises, seeking to find the door to his factory, there was a substantial variance in these facts from those alleged in the complaint, and that the plaintiffs could only recover nominal damages.

2. That the facts showed that Mrs. Crogan, at the time of the accident, was upon the premises of the defendant as a trespasser, and not by his license or authority express or implied, and that upon the facts of the case the defendant owed no duty to her to have said area protected by rail or guard.

3. That upon the facts of the case the plaintiffs were entitled to only nominal damages.

The court ruled in accordance with these claims of the defendant, and rendered judgment for nominal damages only. The plaintiffs appealed to this court.

*T. E. Doolittle* and *W. L. Bennett*, for the appellants.

1. A person who makes an excavation on his own land so near the highway as to render the use of the way dangerous, is liable in damages to one who, in the lawful use of the way and in the exercise of d ıe care, falls into the excavation and

is injured. *Buesching* v. *St. Louis Gaslight Co.*, 73 Misso., 219; *Temperance Hall Asso.* v. *Giles*, 33 N. Jer. Law, 260; *Beck* v. *Carter*, 68 N. York, 284; *Jarvis* v. *Dean*, 3 Bing., 447; *Barnes* v. *Ward*, 2 Car. & K., 661; *Beardsley* v. *City of Hartford*, 50 Conn., 539; *City of Norwich* v. *Breed*, 30 id., 535. The liability of a person making such an excavation does not depend upon its distance from the street line, but upon its dangerous condition. *City of Norwich* v. *Breed*, (*supra*); *Beck* v. *Carter*, (*supra*); *Balt. & Ohio R. R. Co.* v. *Boteler*, 38 Maryl., 568. The danger is that persons approaching his premises upon lawful errands may, without being aware of it, pass from the sidewalk into the pit.

2. The plaintiff was not a trespasser in going upon the defendant's premises. 2 Waterman on Trespass, § 782; *Lakin* v. *Ames*, 10 Cush., 198. Moreover, by leaving the strip of land so open to the public for fifteen years, the defendant at least licensed the public to use it. And more than this, by the arrangement of the sidewalk and entrance to his factory he "held out an allurement whereby the plaintiff was induced to come upon the place in question." *Corby* v. *Hill*, 4 Com. B. (N. S.,) 556. In this case the plaintiff was a visitor making use of a private way. See also *Sweeny* v. *Old Colony R. R. Co.*, 10 Allen, 373; *Larue* v. *Farren Hotel Co.*, 116 Mass., 67; *Learoyd* v. *Godfrey*, 138 id., 315; *Stratton* v. *Staples*, 59 Maine, 94; *Low* v. *Grand Trunk R. R. Co.* 72 id., 313; *Bennett* v. *Railroad Co.*, 102 U. S. Reps., 577.

3. But the plaintiff might be a technical trespasser and yet be without fault. And in such a case the fact is no protection to a party guilty, as here, of gross negligence. *Birge* v. *Gardiner*, 19 Conn., 507; *Young* v. *Harvey*, 16 Ind., 314; *Hydraulic Works Co.* v. *Orr*, 83 Penn. St., 332; *Beck* v. *Carter*, (*supra*); *Railroad Co.* v *Stout*, 17 Wall., 657.

4. If the plaintiff was merely entering upon the defendant's premises by his invitation or license and was not in the use of the highway as such, there is no variance between the finding and the allegations of the second count, so that there can be a recovery on that count.

Crogan *v.* Schiele.

*J. W. Alling* and *H. W. Asher*, for the appellees.

1. It is clear from the finding that the plaintiff was not a traveler upon the highway and did not suppose herself to be, but that she had passed across the highway to go to the defendant's factory, and had gone from the sidewalk upon the defendant's premises, and that she fell into the open area near the porch while tryi·g to find the handle of the door. It may have been lawf·l for her to do what she did, but the defendant canno· be liable upon the facts alleged in the complaint, and as the case stands can be liable only for nominal damages. *Shepard* v. *New Haven & Northampton Co.*, 45 Conn., 54; *Sykes* v. *Town of Pawlet*, 43 Verm., 446; *Hounsell* v. *Smith*, 7 Con. B. (N. S.,) 731, 742.

2. But the plaintiff c·uld not recover upon the facts even if the complaint had bee· properly framed. She was in the circumstances a trespasse·r, to whom the defendant owed no duty. It was in the ni·ht, when the factory was closed, and the defendant canno·· be regarded as inviting people to his factory at such a tim·. The plaintiff was a stranger to the premises, and in goin·· upon them in the night took her own risk. *Fox* v. *Town·f Glastonbury*, 29 Conn., 204, 209; *Bush* v. *Brainard*, 1 Cow·n, 78. It might as well be said that the defendant would have been liable if the plaintiff had found the· door unlo·ked and had gone in, and in the darkness had fallen down some well or hurt herself by stumbling over some piece of machinery. The finding that she was not guilty of negligen·e in not discovering and avoiding the open area, is not inten·led to mean that she did not know it was dark and that she d·d not know that she was ignorant of the premises.

3. Upon the adjudged c·ses the law is with the defendant. *City of Norwich* v. *Breed*, ·0 Conn., 535, 548; *Beardsley* v. *City of Hartford*, 50 id., 52·; *Gardner* v. *N. Haven & Northampton Co.*, 51 id., 143; *·wland* v. *Vincent*, 10 Met., 371; *Phila. & Reading R. R. C·.* v. *Hummell*, 44 Penn. St., 375, 379; *Gilles* v. *Penn. R. ·. Co.*, 59 id., 143; *Gramlich* v. *Wurst*, 86 id., 74; *Witham* v. *City of Portland*, 72 Maine, 539; *Baker* v. *Byrne*, 58 ·arb., 438; *Roulston* v. *Clark*, 3

E. D. Smith, 366; *Severy* v. *Nickerson,* 120 Mass., 306; *Pierce* v. *Whitcomb,* 48 Verm., 127; *Kahl* v. *Love,* 37 N. Jer. Law, 5; *Southcote* v. *Stanley,* 1 Hurlst. & N., 247; *Hardcastle* v. *South Yorkshire Railway Co.,* 4 id., 67; *Hounsell* v. *Smyth,* 7 Com. Bench, N. S., 731; *Seymour* v. *Maddox,* 16 Queen's Bench, 326.

4. It is a question of fact, in a given case, whether the defendant owed the plaintiff a duty in making his premises safe for him to come upon them. *Hydraulic Works Co.* v. *Orr,* 83 Penn. St., 332; *Railroad Co.* v. *Stout,* 17 Wall., 657; *Stratton* v. *Staples,* 59 Maine, 94; *Low* v. *Grand Trunk Railway Co.,* 72 id., 313; *Larue* v. *Farren Hotel Co.,* 116 Mass., 67. This fact is not found here. No duty is imposed by law to keep one's premises in a safe condition for those who come there solely for their own convenience or pleasure. *Sweeny* v. *Old Colony R. R. Co.,* 10 Allen, 373.

STODDARD, J. A demurrer to the complaint was filed in this case; that demurrer was overruled, and in accordance with our practice the damages were assessed by the court.

In this jurisdiction the effect of a demurrer to the complaint in cases of this character is to admit, for the purposes of the hearing in damages, the truth of every material and well-pleaded statement of fact in the complaint. Such admission is conclusive so far as the right of action, and the consequent right to nominal damages is concerned, and is *primâ facie* as related to substantial damages. The defendant has the legal right to prove the non-existence of the alleged fact as bearing upon substantial damages. The burden of proof in this particular is upon the defendant, and if he fails to prove the non-existence of the alleged fact, such fact is regarded as established in all its effects upon, and relation to, actual damages.

The recent case of *Crane* v. *Eastern Transportation Line,* 48 Conn., 363, and again before this court in 50 Conn., 342, seems to settle the practice in this state.

In the first paragraph of the complaint it is alleged that the defendant kept, maintained, and permitted to remain on

his premises, substantially adjoining the public highway, and so near the public footway of said highway as to make the use of the same unsafe and dangerous, a deep area or pit, without rail, cover or guard of any kind.

It was not pretended in the argument that the area was not dangerous in itself, and its dangerous character is apparent from the finding. But it is said that the defendant owed no duty to this plaintiff not to maintain this dangerous pit. It is upon this theory alone that the judgment of the court below was pronounced, and by this theory that judgment must be tested, and the case be disposed of here.

There is no finding of fact in this case to disprove the allegation of the complaint that this dangerous area or pit was "so near the public footway of said highway as to make the use of the same unsafe and dangerous." The case does state certain facts from which argumentatively or inferentially the court might be led to find either that the pit was or was not so located in reference to the public way and travel thereon as to make the use of the highway unsafe or dangerous. But the court below made no finding of fact upon this point, thus leaving the legal inference arising from the demurrer to have its full effect upon this allegation in establishing its undeniable truth. This is necessarily so unless it can be said that the court, as matter of law, notwithstanding the admission involved in the demurrer, ought to say that the pit was not so located as to make the use of the highway dangerous. This position has not been taken, and we do not think it can be maintained. That question is peculiarly one of fact, dependent upon all the surrounding and characterising facts, and upon the whole evidence in the cause. The location of the excavation, its proximity to the public way, the character of the use of that public way in numbers, and the manner of its use, the probabilities that travelers would or would not be endangered there, and the like general considerations, are to be weighed by the trial court in every case, and in addition to these general considerations attaching to all cases, the particular and peculiar surroundings of each special case render the question peculiarly one

of fact and not of law, as a general rule. We think it is plain in this case that the question here involved is a question of fact, and so beyond our jurisdiction to determine. While, therefore, no discussion of the fact will be made, it is perhaps proper to say that to a majority of the court it appears that the evidential facts found and stated by the trial court establish the fact as alleged in the complaint in this particular.

Under such circumstances no authority can be found warranting the treatment of such a question as a question of law to effect a result adverse to this conclusion.

This condition of facts, we feel impelled to say, created and imposed a duty upon the defendant to persons lawfully using the highway.

There is some diversity of opinion as to the test of duty and consequent liability in cases of this kind. It is said that in England and Massachusetts the test of liability is whether the excavation be substantially adjoining the public way, so that a traveler by a false step or misstep might be endangered; and the cases of *Howland* v. *Vincent*, 10 Met., 371, *Hardcastle* v. *South Yorkshire Railway Co.*, 4 Hurl. & Nor., 67, and *Hounsell* v. *Smyth*, 7 Com. B., N. S., 729, are cited to this point.

Without stopping to inquire whether this is a correct statement of the rule in England, a different and much more satisfactory test and rule prevails in this state.

The Massachusetts case cited above certainly adopts that theory; but we do not think it is authoritative. The case is discredited as authority by our own court in *City of Norwich* v. *Breed*, 30 Conn., 547. Our court plainly implies that the ruling was wrong. It is denied in express terms in *Beck* v. *Carter*, 6 Hun, 604; and see the same case in the Court of Appeals, 68 N. York, 284. It is adversely criticised in Bigelow's Cases on Torts, 686, 689, and is pronounced in Shearman & Redfield on Negligence, 505, "a decision which it is difficult to justify." A late Massachusetts case seems to ignore the rule as applied in *Howland* v. *Vincent*, and approximates the test to that of our court in *City of Norwich* v.

*Breed. Mistler* v. *O'Grady*, 132 Mass., 139. This last case substitutes for the test stated in *Howland* v. *Vincent* this language, that the defendant "had no reason to suppose" that any person would attempt to go where the danger was, and that the plaintiff was not "misled by any act or word of the defendant;" a statement of the rule which plainly imposes a duty on this defendant.

The rule laid down in *City of Norwich* v. *Breed* was stated after an examination of the Massachusetts case and English cases cited above, was declared upon full consideration, and places the liability upon true grounds, and has been cited in other jurisdictions with approval. An extract or two from that case will suffice. "We think that in making the defendant's liability to depend upon the dangerous condition in which the excavation was left by the defendant rather than upon its distance from the street, the judge adopted the true criterion. It is the dangerous character rather than the exact location of the excavation that determines the duty and consequent liability of the defendant in this respect. * * * Whether the excavation could, with a due regard to the rights of passengers on the street, be left unguarded, or could not, depended upon the question whether, being unguarded, it endangered the travel or not; if it did not, no matter how near it was to the line of way; if it did, no matter how far it was removed."

It is plain that there was a duty upon the defendant in reference to the public use of that public way. The next inquiry is, whether that duty attached to the defendant in reference to this plaintiff. The defendant claimed and the court ruled that the plaintiff was a trespasser upon the defendant's property, and was not in the exercise of any rights as a traveler upon the highway.

The material facts bearing upon this part of the case are, that a building used by the defendant as a corset manufactory stood on his premises, extending along the entire street line of eighty-eight feet, and set back ten feet from the line of the public way. The entrance to this building was in front, and consisted of an inclosed wooden porch

with a door in the front. The door of the porch was five feet and from six to nine inches from the street line. The area was located alongside the building, and adjoins the porch, and is ten feet and nine inches long, two feet and nine inches wide, and five feet and four inches deep. A brick paved public sidewalk was laid along the front of the factory, and three or four years ago the open space between the sidewalk and the building was paved with brick on the same grade as that of the brick sidewalk, thus forming an unbroken and continuous brick sidewalk covering the entire space between the roadway of the street and the defendant's building. There was nothing to mark the exact line of separation between the sidewalk and the defendant's lot. Thus the defendant was maintaining an extension and continuance of the public sidewalk along the entire front of his building up to the line of his building, in the midst of a large city, where the familiar condition of affairs is that the public pavements extend to the line of building. This extension of the public sidewalk was of the same material and constructed in the same manner as the public sidewalk. It was on the same grade, nothing to indicate the place where the public walk ended, and apparently to the eye causing the public walk to extend to the factory.

On the night in question the plaintiff was told that her child was in the defendant's factory. She lived in Collis street, and only a few feet from Franklin. Collis street is a street leading into Franklin street, nearly opposite the south end of the factory. On the evening of the 17th of November, about eight o'clock, going for her child "she went along the Collis street sidewalk to the corner of Franklin street, and then she took a direct line towards and to the wooden porch of the factory, crossing Franklin street diagonally. In trying to find the door she fell into the area. She was unfamiliar with the premises, and did not know of the existence of the area, and is found not to have been negligent in fact in not avoiding the area. The front fence lines of the property owners at either end of

the defendant's shop indicated, in a general way, the line of the public way.

And now it is said that the plaintiff was a trespasser in thus going upon this part of the brick pavement placed upon the defendant's property. We think the defendant's point is not well taken. The entire space up to the factory was apparently a public sidewalk; it does not appear that she knew anything to the contrary. She had a right to use the whole of the apparent public way to reach the defendant's shop. Her errand there was lawful. She had a right to go there, and it will not answer for the defendant to say to the plaintiff, " True it is that by my act there was an apparent, visible, manifest public walk which extended to my shop, but you, a stranger, must be held to know where the divisional line is, although I have so built and maintained the sidewalk that you are naturally misled thereby."

There is no principle of law or justice which will warrant a court in holding a person to be a trespasser who uses as a public way an apparent public sidewalk kept so by the act of the defendant, simply because he steps over the technical legal boundary line. By the construction of the walk the plaintiff, as one of the public, was told in a most emphatic way that the sidewalk extended to its full apparent width. The occasion was in the night season; the plaintiff was not familiar with the premises; it is not found that she knew or could have seen the fence lines at either end of the defendant's property. The defendant's acts would indicate, even if a person knew where the technical line of the street was, that the defendant had thrown open to the public and made part of the public domain that part of his property covered by this extended sidewalk; and much more so as to a person who did not know where the line was.

The streets of our cities, especially in the mercantile and manufacturing districts, are full of instances where the buildings are set on the street line, or at varying distances therefrom, with similar continued and extended pavements. To impose upon persons lawfully using our sidewalks the duty of ascertaining at their peril where the technical

divisional line lies before venturing to use the sidewalk as it openly and visibly exists, is, in our judgment, not warranted by any authority: and to permit owners and occupiers of such property to construct and maintain unguarded pits and areas in those parts of their premises that are not distinguishable from the public way, will fatally jeopardize public travel.

In *Corby* v. *Hill*, 4 Com. Bench, N. S., 562, COCKBURN, C. J., said:—" The proprietors of the soil held out an allurement whereby the plaintiff was induced to come upon the place in question; they held out this road to all persons having occasion to proceed to the asylum as the means of access thereto. * * * Having, so to speak, dedicated the way to such of the general public as might have occasion to use it for that purpose, and having held it out as a safe and convenient mode of access to the establishment, without any reservation, it was not competent to them to place thereon any obstruction calculated to render the road unsafe."

In *Beck* v. *Carter*, 6 Hun, 607, it is said:—" Even if the road had been proved to have been laid out two rods wide, and a few feet belonging to the plaintiff lay between the road and the fence, as it has always been left in common with the road and thereby apparently devoted to the public use, any person would be justified in using it in that way. The fair inference to be drawn from its situation, thus acquiesced in by the owner, is that it has been abandoned to the public. * * * If a house or store is built a few feet from the margin of the street or highway, and no fence is erected along or near the margin, persons are at liberty to assume that the building is on the margin of the street, and that they may lawfully travel over the whole space thus apparently set apart for public use by the owners of the land. * * * To authorize an owner of land adjoining a highway to require travelers lawfully passing along it to keep within the limits of it, as laid out or dedicated, he must indicate in some proper way where the boundaries are, and when that is done he is relieved from liability for

injuries sustained outside such limits. To hold a traveler, a stranger to the locality, bound to keep within the limits of a lane or alley, in the night as well as in the day, and that the owner of adjoining land may dig pits in his land five or six or seven feet from one of the margins of the street, and if the traveler falls into it and is injured he is without remedy against the owner of the land on which such pit is dug, is so monstrous, so unjust, and so unreasonable, that it needs but to be stated to be repudiated."

But the case at bar is far stronger than the New York case, touching which this language is held. Here the owner and occupier of property had so constructed and built the extension of the sidewalk as to induce and allure people to use it as, and to suppose it to be, a part of the public way. As to persons lawfully using it he thus constituted it an inseparable part and parcel of the public way. Persons using it within the scope of the purpose so plainly indicated by the owner are not trespassers, and are protected by the law from dangerous excavations, pits and traps.

In the Court of Appeals *Beck* v. *Carter* is thus treated: —" It was not the case of a bare permission by the owner to cross his land adjoining a public street. The land had, by use long continued, been made, for the time being, a public place and part of the highway. * * * The boundary of the alley was not defined, and persons crossing the lot in the usual way were not trespassers." 68 N. York, 293.

The case in hand presents not only the public use spoken of by the Court of Appeals, but superadded to that, as a characteristic thing, the personal acts of the defendant in so constructing and using his property as to make it a part of the highway. "There may possibly be," says the court, in *Binks* v. *South Yorkshire Railway Co.*, 3 Best & Smith, 253, "cases where the owner of land adjoining a way may by his acts induce the public to go near to an excavation in his land so as to get into danger; in which case it would be the same thing whether the way were a highway or not."

It is stated as a fact in the first count of the complaint that the plaintiff was passing along said public foot-way of said highway, &c., and fell in, &c. The demurrer, as before suggested, in the first instance admits this, and this fact stands, except as modified by the other facts found.

The bare fact that she passed without knowledge on her part, (for this want of knowledge, if material, is admitted because not disproven,) beyond the technical line of the street, is by no means the determining fact in relation to the question whether she was in the exercise of a traveler's right. A traveler's right is not confined to simply passing along the street. He may use the public way for any of the whole range of ordinary acts incident to ordinary travel, not the least of which is the right of approach and entry to an adjoining building for a lawful purpose. And for all these purposes the highway is to be regarded as it apparently exists, as against the defendant who has actually enlarged the width of the highway.

So far this case has been treated upon the theory and facts set forth in the first count of the plaintiff's complaint. That count confessedly proceeds upon the assumption that the plaintiff was in the exercise of a traveler's rights upon a public highway. The plaintiff, fearing that she might be met with the objection that the plaintiff had passed beyond the theoretical line of demarcation, and therefore was not technically a traveler, by amendment inserted a second count, in which the physical facts surrounding the area are stated precisely as they are proved and hereinbefore recited; and in addition thereto particularly alleged that the plaintiff "was passing along said public way, and from the said public way passed over and upon the said brick pavement of the defendant."

It is now claimed that the second count is identical with the first, notwithstanding the first count alleges that she was a traveler, and the second count states every fact which is relied upon by the defendant to establish his vital proposition that she was not a traveler. The second count also is framed in strict accord with the letter and spirit of the

Practice Act. It "contains a statement of the facts constituting the cause of action;" and if those statements are substantially established the right of recovery follows; and this is the result without reference to the plaintiff's *status* as a traveler; for the substance of that count is that she, the plaintiff, was induced by the acts of the defendant to pass from the public way to and upon the defendant's premises.

We understand the law to be so that, if a person is induced or allured upon another's premises, the owner or occupier of such premises owes a duty to such person to see that his premises are in a reasonably safe condition, and that this duty attaches to the defendant in reference to the personality of the allured individual. Upon these facts the right of action is complete even if the plaintiff was not a traveler. It is therefore immaterial to inquire whether the plaintiff called herself a traveler. Even if she had said in the complaint in express terms that she considered herself a traveler and entitled to protection in that character, but the court should be of opinion that she was not at the time of the injury technically a traveler, but that she was upon the facts alleged and proved entitled to protection as an individual, there can be on that ground no objection to a recovery. The plaintiff was not bound to state in the complaint the legal theory of her case; nor is the legal theory in any case material, except, possibly, where the form of action is material to the rights of the parties.

The Court of Appeals in *Hemmingway* v. *Boucher*, 98 N. York, 287, states the rule in this language :—" The party was under no obligation to state in his pleading the theory of the law upon which his claim is based."

And we also think that this second count is properly framed to obviate the objection that the plaintiff was not a traveler. The first count alleges that she was a traveler, and we think the second count is not a meaningless repetition of the first count. That it accomplishes its evident design is clear, and forces us to examine the case as presenting the question (assuming the plaintiff not to have

been a traveler,) whether the plaintiff was or was not induced or allured to enter upon the defendant's property. In this view of the case, as we have already stated, the character of a traveler is not essential to the plaintiff's right of recovery.

If the plaintiff was induced by the defendant to come, or allured, upon the defendant's land, it is not necessary for the plaintiff to claim that a highway existed, either actual or imputed, as against this defendant. But if the defendant had dedicated to the public a right of passage, or had so constructed his sidewalk as to induce people to believe that the public right of way existed, and therefore as to a person so supposing and acting thereon that public right should be held to exist, this condition would have a very material bearing upon the question of allurement or inducement. For if there was an apparent public way a person, though not strictly a traveler, has a right to proceed upon the assumption that guards against dangers are provided co-extensive with the apparent purpose and use of the way.

Reverting now to our original proposition, that the effect of the demurrer to this complaint is to admit the truth of every material well-pleaded fact as stated, except so far as such statement of fact may be modified or controlled by the facts found upon the hearing, we find, by reference to the second paragraph of the second count, a statement of fact that the defendant " kept and maintained on his own land, between the public footway or pavement on said Franklin street and said pit or area, a brick pavement or footway, in all respects like the public pavement or footway, separated in no manner therefrom, and invited, licensed and permitted the public to make use of the same in the same manner and to the same extent that they made use of the public way, from which it was in no manner to be distinguished by the eye."

This statement of fact certainly is not denied by any direct statement in the finding, but, on the other hand, it is in substance and effect confirmed and established by the

finding; for it is found that the public sidewalk had been widened and continued up to the defendant's building, and so kept and maintained by him, and that there was nothing ·to mark the exact line of separation. That the sidewalk on the defendant's premises was paved with brick in the same manner as the public footway, and was on the same grade, is also found. Thus the finding in substance accords ·with the allegation in this particular.

But it is said that the front fence lines of the adjoining owners would indicate to the ordinary traveler the general line and course of the sidewalk. Assuming this, and assuming also that such indications would exist in the night season when the front fence lines might not be seen, or, if seen, would probably not be effective, yet that fact does not help the defendant as to the controlling fact that he had so built, kept and maintained his sidewalk as to induce people to go beyond the line of the adjoining front fences. Besides, the accident happened in the night season, and there is no fact in the case to lead to the belief that the plaintiff was cognizant of the line of those front fences or knew of their existence even.

In the leading case of *Sweeney* v. *Old Colony R. R. Co.*, 10 Allen, 373, BIGELOW, C. J., giving the opinion says:—
" The general rule or principle applicable to this class of cases is that an owner or occupant is bound to keep his premises in a safe and suitable condition for those who come upon and pass over them, using due care, if he has held out any invitation, allurement or inducement, either express or implied, by which they have been led to enter thereon. A mere naked license or permission to enter or pass over an estate will not create a duty or impose an obligation on the part of the owner or person in possession to provide against the danger of accident. The gist of the liability consists in the fact that the person injured did not act merely for his own convenience and pleasure, and from motives to which no act or sign of the owner or occupant contributed, but that he entered the premises because he was led to believe that they were intended to be used by

visitors or passengers, and that such use was not only acquiesced in by the owner or person in possession and control of the premises, but that it was in accordance with the intention and design with which the way or place was adapted and prepared or allowed to be so used. The true distinction is this:—A mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability; but if he directly or by implication induces persons to enter or pass over his premises, he thereby assumes an obligation that they are in a safe condition, suitable for such use, and for a breach of this obligation he is liable in damages to a person injured thereby."

The plaintiff alleges that it was by reason of the existence of the pavement on the defendant's land, constructed as it was, that she passed beyond the limits of the highway. Instead of contradicting this allegation the facts found support and confirm it. How could it be more certainly indicated that this part of the defendant's land was "intended to be used by visitors or passengers," and that it was "adapted and prepared for such use," than by extending and continuing a public sidewalk over it? He built and maintained this walk so that every person whose interest or inclination led him so to do, would naturally enter upon it supposing it was intended for public use, and therefore properly guarded. See *Mellen* v. *Morrill*, 126 Mass., 546, and *Mistler* v. *O'Grady*, 132 id. 139, 141.

"The question is, did a reasonable regard for the safety of those whom the use to which the defendants had devoted their wharf might be expected to bring there, require something in the way of safeguards at this gangway?" *Low* v. *Grand Trunk Railway Co.*, 72 Maine, 319.

In *Hydraulic Works Co.* v. *Orr*, 83 Penn. St., 335, that court, by AGNEW, C. J., upheld a verdict for damages at the suit of a trespasser, upon the theory that the occupier of premises "has reason to apprehend danger owing to the peculiar situation of his property and its openness to accident," and "that this spot was not so private and secluded as that a man might keep dangerous pits or deadfalls there without a breach of duty to society."

The turn-table case of *Railroad Co.* v. *Stout*, 17 Wall., 657, and that of *Birge* v. *Gardiner*, 19 Conn., 507, proceed upon the same general theory. See also *Haughey* v. *Hart*, 62 Iowa, 98; *Young* v. *Harvey*, 16 Ind., 314.

Shearman & Redfield on Negligence, page 599, say:— " Of course it is culpable negligence to leave a pit or other excavation in such an unguarded state as to cause injury to a person having a right to be upon the land and using that right with ordinary care." Tested by this statement of the law the plaintiff's right must be conceded. Under any view of this case she was lawfully on the land, and in the exercise of ordinary care.

So in Addison on Torts it is said, page 163, 3d ed.:— " But if a person, being upon the premises of another on lawful business, without any fault or negligence of his own, falls through a hole on such premises, the occupier will be responsible." Again, on page 164:—" Every occupier of a house who makes or permits the continuance or use of a pathway to the house may fairly be deemed to hold out an invitation to all persons, who have any reasonable ground for coming to the house, to pass along his pathway." Wharton on Negligence, § 824*a*, lays down this proposition: —" At the same time it must be kept in mind that he is bound to keep his premises in such order that visitors whom he invites, when acting prudently, will not be injured ; and if dangerous places exist by which they, exercising such prudence, might be hurt, his duty is to give notice of the danger. * * * And if he is aware that persons are in the habit of passing over his grounds, trespassers though they may be, he is liable if he leaves in their way dangerous excavations or instruments by which they are injured. By making the path as an approach to his house he has thereby given implied permission to all persons having occasion to do so to go over it to his house, and he cannot shield himself from liability upon the ground that they had no business there. He is treated, by maintaining the path, as holding out an invitation to all persons to use it who have reasonable grounds to do so, and he is bound at his peril to

keep it in safe condition." To the same effect is Wood on Nuisances, § 137. In *Vanderbeck* v. *Hendry*, 34 N. Jer. Law R., 471, it is said:—" It has been substantially held that although a way may not have been dedicated to the public, or otherwise legally established for the use of the public, yet if the owner of premises over which it passes has exhibited an intention that it shall be used by the public, either as a means of access to his property or over it, and by the manifestation of that intention has induced or allured the public to use it, those using it within the scope of the purpose manifested are entitled to be protected from dangers to the way by reason of obstructions or interferences created during its existence, and resulting from the want of ordinary care on the part of the owner or those acting within his authority."

Authorities to the same point, in great numbers, firmly establish a principle of law that imposes a duty upon an occupier of land. The extent of that duty is co-extensive with the use to which he subjects his premises.

Under some circumstances trespassers are protected; in others, trespassers are at their own risk, while visitors are entitled to a reasonably safe passage; and in others still the public have rights that the occupier cannot safely ignore.

Trespasser the plaintiff was not; and whether she be regarded as a visitor by invitation going upon private property, or one of the public in the enjoyment of a public right by using an apparent public way as a means of access to the defendant's building, and being injured by " a concealed source of mischief," she was entitled to recover substantial damages.

There is error in the judgment of the Superior Court.

In this opinion GRANGER, J., concurred.

PARK, C. J. I concur in the foregoing opinion in all respects except in the view there presented of the effect of a demurrer overruled on the hearing in damages. I think the judge who wrote it has somewhat misapprehended the

effect and extent of our decision in *Crane* v. *The Eastern Transportation Line*, 48 Conn., 361. I will briefly state my views upon the point.

A demurrer admits the truth of the alleged facts for the sole purpose of testing their legal sufficiency. If the demurrer is overruled, and the defendant answers over, the admission cannot be used as evidence against him. It stands like any other case where the allegations of fact are denied—the facts are determined by the proof, and not by the pleadings.

The principle is the same when the defendant, instead of answering over, submits to the adverse judgment on the demurrer. This case is for unliquidated damages. In the absence of any proof the plaintiff recovers nominal damages only. The burden is on him to show the extent of the injury. The allegations of injury and damage, although admitted by the pleadings, are not substantive evidence in his favor. The extent of the injury is to be proved like similar facts in any other case. When he has done that, no evidence being offered of due care by the defendant, or contributory negligence on the part of the plaintiff, the plaintiff will recover all the damages proved. That is on the ground that the demurrer, on which the judgment rests, admits the defendant's negligence and due care on the part of the plaintiff. But notwithstanding the demurrer we have repeatedly held, and that is now the settled doctrine in this state, that it is competent for the defendant to controvert the facts as to negligence, not to affect the question of liability, but solely to affect the amount of damages. But such evidence is independent and outside of the pleadings. In this respect the burden is on the defendant; and that is the extent of the decision in *Crane* v. *The Eastern Transportation Line*, as I understand it. If he offers no evidence judgment goes against him for all the damages proved. But if he offers evidence on the subject of negligence, the question must be determined wholly by the evidence. As the defendant takes the burden he must establish his claims by a preponderance of proof. The ad-

mission by the demurrer is not to be used as evidence against him. The effect of that is exhausted in conclusively establishing his liability for some damages and casting upon him the burden of proof. The admission cannot be thrown into the scale in weighing the evidence.

With this qualification I fully concur with Judge GRANGER in the opinion of Judge STODDARD.

CARPENTER, J. (Dissenting). The plaintiff's case proceeds upon the theory that the pit or area on the defendant's premises made the use of the sidewalk by the public dangerous, and that the plaintiff, Mrs. Crogan, while using the sidewalk, fell into the pit and was injured. Both counts in the complaint are adapted to that theory, and the case in the court below was tried and decided on that ground.

The defendant's claim, which was sustained by the court, was,—1st, that the plaintiff was not injured while in the exercise of any rights as a traveller upon a highway, but was upon the defendant's premises, seeking to find the door to his factory, and consequently that there was a substantial variance; 2d, that the plaintiff was a trespasser; and 3d, that upon the facts the plaintiff was entitled to only nominal damages.

The errors assigned by the plaintiff follow exactly the claims made by the defendant. We see no suggestion in the record that any claim was made by the plaintiff that the defendant was liable on any other ground than that he had exposed to harm those using the highway.

If then the plaintiff, *as a traveller on the highway,* received no injury, the cause of action as alleged in the complaint is not proved, and she can recover only nominal damages. Upon principle this must be so. The defendant's liability to a traveller depends upon the proximity of the pit to the sidewalk and its connection therewith; his liability to one properly on his land depends upon the location of the pit in connection with the special circumstances of the case; was the pit such that strangers would be likely to fall into it?

VOL. LIII.—14

had the defendant reason to anticipate such consequences, and was it his duty to guard against them?

It is obvious that the duty which the defendant owed to the travelling public is very different from that which he owed to individuals coming upon his premises. The degree of care is greater in the one case than in the other, and depends upon an entirely different state of facts. In the one case it is a material inquiry, was the plaintiff in contemplation of law a traveller upon the highway when injured? In the other such an inquiry would be irrelevant.

In the first count in the complaint it is alleged that the defendant kept and maintained, substantially adjoining Franklin street, a public highway, and so near the public footway of the highway as to make the use of the same unsafe and dangerous, a deep area or pit, without rail, cover or guard of any kind; and that the plaintiff was injured when " passing along said public footway of said highway."

In the second count it is alleged that the defendant " kept and maintained upon his said land between the public footway or pavement on said Franklin street and said pit or area, a brick pavement or footway in all respects like the public pavement or footway, and separated in no manner therefrom, and invited, licensed and permitted the public to make use of the same in the same manner and to the same extent that they made use of the public way from which it was in no manner to be distinguished by the eye." It is then alleged that " the said plaintiff, Sarah M. Crogan, was passing along said *public way*, and from the said *public way* passed over and upon the said brick pavement of the defendant, *and by reason of the existence of the same* and of said area or pit, and the want of any rail, cover or guard, and of any light or warning, she being in the exercise of due care, slipped and fell into said area or pit."

Now the case shows that the plaintiff went " to the corner of Franklin street, and then she took a direct line towards and to the wooden porch of the factory, crossing Franklin street diagonally. When she reached the porch she missed the door knob, and in stepping around to find it she fell into the area, &c."

Thus it will be seen that all she had to do with the sidewalk was to cross it diagonally. She did not unintentionally stray from the sidewalk, but she consciously and intentionally left it to go to the defendant's building. The defendant's brick pavement had nothing whatever to do with causing the accident. It seems to me very clear that the facts proved disprove the cause of action alleged.

Whether the defendant owed the plaintiff any duty which he neglected, considering her merely as an individual on his premises, and not one of the public on the sidewalk, is a question which was not tried in the court below, and one which cannot now be tried in this court. The defendant's counsel deny any such liability under this complaint, and the plaintiff's counsel practically admit that there is none; for the only claim which they make under the second count is that she was not a trespasser in passing over the defendant's brick pavement, but that she was induced or allured to enter upon the defendant's property from the sidewalk by means of said pavement. I do not controvert the proposition that she was lawfully on the defendant's land; but it is difficult to see how she was allured thereon by the defendant's pavement. Her sole object in going to the building was to look after her boy, who, as she supposed, was in danger, and she went directly there without any regard to the pavement. And that is all the allurement there was; an implied license to go upon the premises. Upon these facts to say that that pavement "allured" the plaintiff on to the premises and into the pit, seems to me a gratuitous assumption, not warranted by anything in the finding. I think the decision of the Superior Court was right.

I concur fully in the views presented by the Chief Justice in his opinion, with regard to the effect of a demurrer overruled on the position of the parties upon the hearing in damages.

In this opinion LOOMIS, J., concurred.