HARRIET W. ROBBINS ET ALS. *vs.* THE HARTFORD CITY
GAS LIGHT COMPANY.

First Judicial District, Hartford, October Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A verdict ought not to be directed unless the evidence is such that but one conclusion can fairly and reasonably be drawn therefrom.

A gas company is liable in damages to an adjoining proprietor whose trees upon the highway are injured or destroyed by gas escaping from its mains through the company's negligence either in selecting, laying or maintaining them; but not for incidental injuries occasioned by a proper exercise of its franchise.

The term "highway" may include shade-trees planted upon it.

The evidence in the present case reviewed, and the action of the trial court, in directing a verdict for the defendant, reversed.

Argued October 5th—decided October 29th, 1909.

ACTION for damage to trees by escaping gas, brought to the Superior Court in Hartford County and tried to the jury before *Robinson, J.*, by whose direction a verdict was rendered for the defendant, and judgment entered thereon. *Error and new trial ordered.*

*Andrew J. Broughel* and *Birdsey E. Case,* for the appellants (plaintiffs).

*John T. Robinson* and *Francis W. Cole,* for the appellee (defendant).

BALDWIN, C. J.    The complaint alleges that in 1904 the plaintiffs owned a dwelling-house on High Street in Wethersfield, with a row of three healthy shade-trees in front of it, which added much to its value; that the defendant then laid gas mains or pipes in the street; that since then gas has leaked from these pipes, whereby two of the trees have been killed and the other greatly injured; and that the leakage was "caused by the negligence of the defendant and its servants and agents in carelessly, negligently and improperly laying, conducting and maintaining said gas mains or pipes."

The answer was a general denial, and also set up that the cause of action did not accrue within three years before the suit was brought, which was in November, 1908.

The plaintiffs introduced evidence that they owned and had long lived in the house in question; that the defendant laid gas mains in the street September 1st, 1904; that there were then three healthy maple trees on the street in front of the house, between the sidewalk and the traveled roadway, which afforded an agreeable shade; that these became sickly in the fall of 1906; that by another year one had died and the others were slowly dying; that in the fall of 1906 they noticed a smell of gas near the trees, and complained to the defendant that the trees were dying, and asked it to dig up its mains in order to ascertain whether gas was escaping from them; that in July, 1907, earth was dug up near the trees by other parties, and there was thereupon a strong smell of gas; that they then complained again to the defendant, whereupon, and not before, it sent men to dig, as requested; that, as soon as they dug near the trees, the whole neighborhood was scented with gas; and that an

officer of the defendant soon afterward said to them that a
leak in the mains in Wethersfield had been found. They
also introduced an expert who testified that he examined
the trees in question, in July, 1907, and that in his opinion
their condition was due to the effects of gas escaping into
the soil.

For the defendant, testimony was introduced that the
gas mains were properly constructed and laid in 1904; that
when it dug up the earth, in July, 1907, in front of the plain-
tiffs' house, there was no other smell of gas than always
attends the uncovering of a gas pipe; that it was impossible
to prevent some slight leaks in gas mains; that the only
leaks found were two small ones, one a hundred and fifty
feet south of the plaintiffs' house and the other two hun-
dred and fifty feet north of it; that the bad condition of the
trees might well have resulted from old age, or cracking in
cold weather, or a fungus growth; and that a large horse-
chestnut tree within a few feet of the maples had remained
in good condition.

A verdict for the defendant was directed, on the ground
that there had been no evidence produced of negligence on
the part of the defendant which was sufficient to go to the
jury.

It was undoubtedly true that the cause of the bad con-
dition of the maples had not been absolutely demonstrated.
It is also true that if the evidence produced was such as
could not reasonably satisfy a jury that they were injured
by the defendant's negligence, it was proper to direct a ver-
dict in its favor; and that great weight is to be attached to
the opinion of the trial court as to this point.

The defendant had a franchise from the State "to lay
down gas mains and pipes . . . in the streets, highways,
and public grounds" of Wethersfield, "provided, that said
streets, highways, and public grounds shall not be injured,
but all be left in as good condition as before the laying of
said mains and pipes." 13 Special Laws, p. 53. Such a

franchise excludes any liability for incidental injuries occasioned by its proper exercise. But it is not properly exercised, unless due care be used in selecting the kind of mains to be laid, in directing the manner of laying them, and for maintaining them, when laid, in a reasonably proper condition.

The franchise of the defendant also specifically required that the highway in which it laid the mains in question should be left in as good condition as it was before. The term "highways" included any trees that might have been planted upon them for shade or ornament.

The testimony introduced by the plaintiffs was such that it might not unreasonably have satisfied the jury that the gas mains on High Street were not laid or maintained in such a way as to leave the street and the trees upon it in as good condition as before they were laid. The adjoining proprietors presumably owned the fee of the soil up to the middle of the highway, and therefore the trees that stood upon it. Any injury to the three trees now in question was therefore presumably an injury to the plaintiffs. They produced expert testimony that they were in fact injured by escaping gas. It could have escaped only from the defendant's mains or pipes. Whether this expert was right in attributing the loss of the trees to the cause which he assigned, rather than to other possible or probable ones, was a fair question for the jury. Whether the gas had escaped in sufficient quantities to occasion the injuries complained of, and whether a sufficient system of inspection had been maintained by the defendant, and whether it was requested in 1906 to make an inspection and negligently omitted it until again requested, a year later, were also all questions as to which there was sufficient testimony to warrant them in coming to a conclusion in the plaintiffs' favor. Had these questions been decided against the contentions of the defendant, a verdict for the plaintiffs would not have been against the evidence.

It follows from these considerations that the cause (under proper instructions, of course, as to the burden of proof) should have been submitted to the jury.

There is error and a new trial is ordered.

In this opinion the other judges concurred.