Alger *v.* City of Lowell.

---

### REBECCA A. ALGER *vs.* CITY OF LOWELL.

Under a declaration alleging simply a want of repair in a way, it may be proved that the way was defective by reason of the want of a railing to protect travellers from going down a declivity just outside of the limits of the way.

A city has a right to erect a barrier across the entrance of a passage way which opens upon and is below the level of a public street, if it is necessary to do so in order to make the street safe and convenient for travellers.

An action lies against a city to recover damages for an injury sustained by reason of the want of a railing at a point so near to a declivity outside of the limits of the street as to make the street dangerous for travellers; although the injury is not received by passing down the declivity directly from the street itself.

An action lies against a city to recover damages sustained by being pushed from a public street down an unguarded and dangerous declivity by a crowd, if it was not done through the wilful act or negligence of the crowd, or any person therein.

If, in an action against a city to recover damages sustained by reason of a defective highway, there is evidence that the plaintiff was intoxicated at the time of the accident, and the judge has instructed the jury that he could not recover if anything else than the negligence of the city contributed to cause the accident, or if it occurred in any part through his own negligence, and that if he was intoxicated that was a circumstance to be considered by them as bearing upon the question of due care on his part, no exception lies to his refusal to instruct them that a city is not bound to keep its streets safe and convenient for intoxicated persons, or that if he was intoxicated at the time of the accident they are to presume that he was negligent.

TORT to recover damages sustained by reason of a defective highway.

The declaration was as follows: " And the plaintiff says there is in said city of Lowell a public highway, called Summer Street, leading, &c., which said defendants are bound to keep in repair; that the same was negligently suffered by defendants to be out of repair, whereby the plaintiff, travelling thereon and using due care, was hurt." The action was originally commenced by Daniel M. Alger, and after his death was prosecuted by the plaintiff as his administratrix.

At the trial in the superior court, before *Wilkinson,* J., the plaintiff offered evidence to show that on the north side of Summer Street, and between the line of the street as laid out and houses fronting thereon, there was an open space not separated from the street by any fence or railing, about four and one half feet wide and twenty feet long; that at one end of this open space a passage way, from sixteen to twenty two inches below the level of the open space, and not separated from it by any fence or railing, began, which led to the rear of the houses; and that, upon the evening of the accident, the original plaintiff was passing along the street, in a large crowd of people, by whom he was pressed into the open space, from which he stepped into the passage way, and fell, and received the injury complained of.

The defendants requested the court to rule that the plaintiff could not recover upon this evidence, because, 1. She had not shown a defect in the street, as declared on; 2. The defendants were not bound and had not the right to erect a barrier or railing across a private passage way of the kind described; 3. Daniel M. Alger went into the passage way from the open space outside of the sidewalk, and not directly from the sidewalk. The judge declined so to rule, and ruled that there was evidence sufficient to go to the jury.

The defendants then introduced evidence tending to show tha Daniel M. Alger was intoxicated at the time of the accident and requested the court to instruct the jury as follows: 1. In order to prevail, the plaintiff must satisfy the jury that the accident occurred wholly through the negligence of the city, and in no part though the negligence of Daniel M. Alger; 2. If Daniel

M. Alger was pushed down in consequence of the pressure of the crowd in which he was, he cannot recover; 3. The city is not bound to keep its streets safe and convenient for intoxicated persons; 4. If the jury are satisfied that Daniel M. Alger was at the time of the accident in a state of intoxication, they are to presume that he was negligent; 5. If the accident happened from Daniel M. Alger's walking along the ground between the sidewalk and the houses, outside of the street, and stepping or falling therefrom into the passage way, the defendants are not liable; 6. The city had no right to put a fence or railing outside of the line of the street on the side of the passage way, between the sidewalk and the corner of the house; 7. The city was not bound to put a railing across the head of a private passage way, like that described; 8. If the jury find that the accident happened by Daniel M. Alger's stepping or falling into a private passage way, like that described, which was entered from the sidewalk by a step not exceeding seventeen inches in depth, the defendants are not liable, because they are not bound and have not the right to close up such passage way by a fence or railing; 9. If anything else than the negligence of the city contributed to cause the accident, the plaintiff cannot recover.

The judge instructed the jury in the language of the first and ninth prayers, and refused to give any of the other instructions asked for; but instead thereof instructed them that the plaintiff could not recover if Daniel M. Alger was pushed down through the wilful act or negligence of the crowd, or of any person therein; that if he was intoxicated, that was a circumstance to be considered by them as bearing upon the question of due care on his part, more or less strong according to the degree of his intoxication; and that, if the place was dangerous, and he passed off from the street at a point so near to the dangerous place that, in order to protect travellers and make it safe, some railing or barrier was reasonably requisite at such point, the defendants would be liable.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*T. H. Sweetser & W. S. Gardner*, for the defendants, cited

*Lund* v. *Tyngsboro,* 11 Cush. 566 ; *Sparhawk* v. *Salem,* 1 Allen, 30 ; *Rowell* v. *Lowell,* 7 Gray, 100 ; *Kidder* v. *Dunstable,* Ib. 104.

*R. B. Caverly,* for the plaintiff.

HOAR, J. The declaration seems to us to have been sufficient to include the cause of action which the plaintiff proved and relied on at the trial. It adopts the form given in the practice act, and alleges simply a want of repair in the street. The want of a sufficient railing for the protection of travellers using due care is a defect and want of repair. In *Rowell* v. *Lowell,* 7 Gray, 102, it is said of the case of *Palmer* v. *Andover,* that it " presented the case of a defective highway, and to such extent defective as not to be in proper repair for ordinary travel, for want of a suitable rail or barrier." The place where the plaintiff fell was indeed outside of the line of the street ; but the defect in the street which occasioned the injury was the want of a railing, if one was necessary at that place to make the street safe and convenient for travellers in the use of ordinary care. And the city would have an undoubted right to erect such a railing, although it might obstruct the entrance to the passage way of an abutter ; because no person has a right to an open access to his land, adjoining a street, of such a character as to endanger persons lawfully using the street for purposes of travel. And the fact that the plaintiff fell into the passage way from the open space by the side of the street, and not directly from the street itself, would not be decisive against his right to recover. This must be so, or else it would follow that where a town or city constructs a street over a high and steep bank, or a bridge over a stream of water, if it made the embankment or the bridge project a few inches beyond the limits of the way on each side, it would be relieved from all obligation to provide a railing. The true test, on the contrary, is not whether the dangerous place is outside of the way, or whether some small strip of ground not included in the way must be traversed in reaching the danger, but whether there is such a risk of a traveller, using ordinary care, in passing along the street, being thrown or falling into the dangerous place, that

a railing is requisite to make the way itself safe and convenient.

These considerations dispose of the several grounds upon which the defendants asked the court to rule that the plaintiff could not support his action upon the evidence; and we can see no error in the refusal of the court to give the other instructions prayed for.

1. The court instructed the jury generally, that if anything else than the negligence of the city contributed to cause the accident, the plaintiff could not recover, and specifically, that he could not recover if he was pushed down, through the wilful act or negligence of the crowd, or any person therein. This, we think, was sufficient. They should not have been instructed that if the plaintiff was pushed down in consequence of the pressure of the crowd in which he was, he could not recover. A crowd is not unlawful, and it is not necessarily imprudent or improper to be in a crowd. The streets in a city are liable to be crowded, and are to be made safe and convenient for crowds, who are using them lawfully and carefully. That the plaintiff was jostled by other passengers, both he and they using due care, does not remove the liability of the city. It is to guard against just such casualties, which are no more censurable than a mis-step, that railings are to be provided at steep and dangerous places.

2. The refusal to give the third and fourth instructions asked, in relation to the plaintiff's intoxication, was not erroneous. Intoxicated persons are not removed from all protection of law. The plaintiff was bound to show that he was in the exercise of due care, and the jury were so instructed. If he used such care, by himself or others, his intoxication had nothing to do with the accident. The city may be liable, under some circumstances, for an injury sustained by a person asleep, or by an infant, or an insane person, or idiot, and so of an intoxicated person, if the condition of the person injured does not contribute in any degree to occasion the injury. The intoxication was an important circumstance to be considered by the jury, upon the question whether due care was used, and the jury were directed

so to regard it. But if the plaintiff was lawfully travelling upon the street, and using due care, or due care was taken of him, he had a right to compensation for an injury done to him by the negligence of the city.

3. The refusal to grant the defendants' sixth, seventh and eighth prayers for instructions was warranted by the reasons already stated. *Exceptions overruled.*