HENRY MAKEPEACE ET UX. *vs.* THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The general policy of this State, as shown by its legislation from 1643 to the present time, implies the imposition of a duty on each municipality to keep in safe repair the highways within its limits, under penalty of liability to pay damages to persons injured by means of defects therein.

In 1861 the city of Waterbury obtained an amendment of its charter which required the city to repair all highways within its limits. *Held* that there was no distinction, in the liability thus imposed, between highways laid out by the action of the municipal authorities and those established by dedication and acceptance.

In 1871 a further amendment of its charter, after providing that the city should be a highway district and that its court of common council should have sole and exclusive authority and control over all streets and highways, then or thereafter existing within its limits, prescribed that " no person shall open " within said city " any public way except under and by virtue of an order of said court of common council." In an action to recover damages for an injury caused by an alleged defective highway, it was *held :—*

1. That the language of the amendment giving the city the sole and exclusive control of its streets and power to lay out and maintain the same, was used with reference to the concurrent control of the town and city, theretofore existing, which the amendment abolished, and could not be construed as implying any limitation on the establishment of highways by dedication.

2. That even if the words quoted made it unlawful for any unauthorized person to thereafter dedicate land in the city for a highway, it still remained possible to make an actual dedication, and therefore the trial court erred in excluding evidence tending to prove such a fact.

Argued November 6th, 1901—decided January 8th, 1902.

ACTION to recover damages for personal injuries claimed to have been caused by a defective sidewalk, brought to the District Court of Waterbury and thence by the defendant's appeal to the Superior Court in New Haven County and tried to the court, *Elmer, J.;* facts found and judgment rendered for the plaintiff for nominal damages only, and appeal by her

for alleged errors in the rulings of the court. *Error and new trial ordered.*

It appears from the finding of the trial court that on July 20th, 1899, the plaintiff, while exercising due care, was injured through a defect in a traveled road situate in the defendant city. This road was known as Brewster Street. It had not been laid out as a highway by the city authorities in accordance with the city charter. The plaintiff claimed that Brewster Street had become by dedication a public highway prior to the accident.

Upon the trial the court made the following rulings to which the plaintiff duly excepted: First, excluding evidence offered by the plaintiff, that said street, prior to the accident, had become a highway by dedication, and that said city was therefore in duty bound to keep it in repair; second, excluding evidence that the city had ordered a water main laid through said street and awarded a contract for building the same; third, excluding evidence showing that the street was duly laid out a year after the accident; fourth, excluding evidence that the land within Brewster Street had been given by one Platt for use as a public highway, and had been continuously used by the public as such from 1886 to the date of the accident.

The appeal assigns as error the above rulings.

*Albert P. Bradstreet* and *Michael J. Byrne*, for the appellant (plaintiff).

*John P. Kellogg*, for the appellee (defendant).

HAMERSLEY, J. Highways are established by the State (1) through the direct action of the legislature; (2) through authorized proceedings involving an application to a court; (3) through authorized proceedings by agents appointed for that purpose, such as selectmen of towns and specified authorities of cities and boroughs; (4) through private dedication of land for that purpose and its acceptance by the public. The existence of highways established through mu-

nicipal authorities is proved by appropriate records showing that the prescribed action has been duly taken. The existence of highways established through dedication is proved by evidence directly showing a gift of the owners of land for that purpose, or such action of the owners, or failure to act, as equitably estops them from denying such gift, and by evidence showing such conduct by the public in the use of land so dedicated, continued for such a time and under such circumstances as establishes an acceptance by the public.

The acceptance must be by the "unorganized public," and not by formal action of a municipality. Neither town nor city has power to establish a highway by corporate vote, accepting land given for that purpose, when the legislature has not given it specific authority. Acts of a municipality may, however, tend to show a use by the public, as well as its nature and extent, and for this reason such acts may be relevant to the question of acceptance by the public. *Noyes* v. *Ward*, 19 Conn. 250, 264; *Green* v. *Canaan*, 29 id. 157, 163; *Guthrie* v. *New Haven*, 31 id. 308, 321; *Hartford* v. *New York & N. E. R. Co.*, 59 id. 250, 252.

From the earliest settlement of Connecticut, the towns assumed some duty in respect to maintaining safe highways within their limits. In 1643 the General Court enforced this duty by directing surveyors of highways to impress, one day in each year, every person and team fit for labor, to mend the highways. 1 Col. Rec. pp. 91, 527. In 1672 this duty is formulated as follows: "The several townships within this colony shall keep in sufficient repair all the highways and bridges within their townships;" and is further enforced by providing for impressment of labor, when necessary, and also by imposing on the town, as a penalty for failure to perform the duty, a liability to pay damages to any one who may be injured in person or property by means of a defect in a highway which a town is bound to keep in repair. Laws of 1672, p. 7.

This Act of 1672 has from time to time been modified as to details and penalties, but as affecting the duty and liability of towns has remained in force until the present time. *Bar-*

*tram* v. *Sharon*, 71 Conn. 686, 694.   When cities and boroughs
were first established, their charters ordinarily contained pro-
visions authorizing municipal authorities to lay out highways
within their limits.   This power, however, was not exclusive,
and the duty and liability of towns, in respect to highways
within their limits, covered highways within the particular
limits of a city or borough.   Shortly after the custom of pro-
viding for the repair of highways by taxation became general,
municipal charters began to be altered, so that the duty of
repairing highways within the limits of a city was imposed
upon the city corporation, and the town within which the
city was situate was relieved therefrom.   See amendment to
city charter of Hartford, passed in 1829.   1 Special Laws,
387.   Eventually most charters contained these provisions,
and the General Statutes provided in a similar manner for
the exceptions.   It is provided that "the selectmen of each
town may lay out necessary highways therein, not being within
a city or within a borough having by virtue of its charter, or.
by the provisions of this chapter control of, and liability for,
the highways within its limits;" General Statutes, § 2699;
that towns shall build and repair all necessary highways and
bridges, except where the duty belongs to some particular
person, General Statutes, § 2666; that any person injured in
person or property by means of any defective highway may
recover from the party bound to keep it in repair; General
Statutes, § 2673; that cities and boroughs not authorized by
charter may lay out highways in the manner prescribed.
General Statutes, § 2702.   See also §§ 2674, 2676, 2679, and
Public Acts of 1856, p. 73, *et seq.*

It is apparent from the course of legislation, general and
special, from 1643 until the present time, that the general
policy of the State implies the imposition of a duty on each
municipality to keep in safe repair the highways within its
limits, under penalty of liability to pay damages to persons
injured by means of a defect in the highways.   The excep-
tions to this policy under existing statutes are few.   From
the beginning, the duty to repair highways has never been
dependent upon the manner in which a highway may have

been established. It applies to all existing highways, whether established through proceedings by court, or municipal authorities, or through dedication. See cases above cited.

The defendant city of Waterbury was granted a city charter in 1853. This charter authorized the city authorities to lay out new highways, but the power was not exclusive, nor the duty to repair, and the penalty of liability for failure to repair, defined. 3 Special Laws, § 39, p. 464. In 1861 an amendment to its charter was passed, imposing upon the defendant city the duty of repairing all highways within its limits, and authorizing it to assume by contract the maintenance and repair of turnpike roads within its limits. 5 Special Laws, § 1, p. 429. After the acceptance of this amendment the defendant became liable to pay for injuries received by reason of defect in any existing highway, and in any that should thereafter be established, whether through the action of its own authorities or through dedication.

It is claimed, however, that the defendant was relieved of this liability by an amendment to its charter passed in 1871. The language relied on in support of this claim is this: " Sec. 27. The city of Waterbury shall be a highway district, and the court of common council of said city shall have sole and exclusive authority and control over all streets and highways, and over all parts of streets and highways, now or hereafter existing within the limits of said city, and shall have sole and exclusive power to lay out, make, or order new highways and streets within the limits of said city, and to alter, repair, and discontinue all highways and streets now and hereafter existing within the limits of said city. And no person shall open, within the limits of said city, any public way, except under and by virtue of an order of said court of common council." 7 Special Laws, p. 217.

This language is taken almost verbatim from that contained in an amendment to the charter of the city of New Haven, passed in 1862 (5 Special Laws, p. 479), and re-enacted in another amendment passed in 1869. 6 Special Laws, p. 766. The amendment of 1862 commences with provisions making the city of New Haven a highway district by itself, author-

izing the inhabitants to tax themselves for the maintenance of city highways, apportioning the money theretofore raised by the town for that purpose between the city and the town, and separating, for the future, the liability of city and town for the maintenance of highways, so that each shall be responsible for those within its own limits. The amendment then goes on, in § 3, to give to the court of common council sole and exclusive authority and control over all streets and highways, and over all parts of streets and highways, now or hereafter existing within the limits of said city, using the language quoted and relied on by the defendant, as above stated.

It seems clear that the language used in giving the city sole and exclusive control of its streets, and power to lay out and maintain the same, was used with reference to the concurrent control of town and city, theretofore existing, and by this amendment abolished, and cannot be construed as implying any limitation on the establishment of highways by dedication, within the limits of town or city. We think the language as repeated in the amendment to the New Haven charter in 1869, and again in the Waterbury charter in 1871, is used with the same meaning.

The closing sentence of § 27 is in terms a prohibition against individuals opening a public way within the limits of the city, except under an order from the court of common council.

To prohibit an act does not necessarily prevent it from being done. Even if this amendment to the charter made it unlawful thereafter for any unauthorized person to dedicate ground within the city for a public way, it still remained possible to make such a dedication, though it might violate the law. This very thing is contemplated and provided for in the later amendment of 1895, which prescribes a penalty for every day a way so illegally opened shall remain open.

Nor is the possibility of such action excluded by the other provisions of the amendment of 1871.

The law in giving the sole power to the common council to lay out highways, also gives it power over the time and

manner of opening the same.   Possibly the clause may have a wider scope, but it would certainly be an unauthorized extension of its meaning to construe it as forbidding the establishment of highways by dedication.   It is urged as a reason for so extending this provision, that otherwise the city might become liable for the repair of a highway whose establishment was due to the combined action of private individuals and the unorganized public, without any power to affect or prevent the result of such action.   Such want of power is not apparent.   In imposing on towns and cities the duty of maintaining highways, the legislature clothes them with implied power commensurate with that duty.   *New Haven* v. *Sargent,* 38 Conn. 50, 53.   It can hardly be that the municipality is powerless to take any steps to retard or prevent the acceptance by the public of a highway not required by public convenience and necessity.   But however this may be, the same considerations have always applied to every town, and their force was considered and disposed of in adopting the policy of establishing highways by dedication.

That policy has been firmly established and universally recognized by legislative action and judicial decisions, until a time subsequent to the alleged establishment of the highway in question.

The amendment to the Waterbury city charter, passed in 1895, which in terms purports to relieve that city from payment of damages for injuries caused by defective highways thereafter established by dedication, does not affect the case before us.   12 Special Laws, p. 443.

It follows that the trial court erred in excluding all evidence of dedication and acceptance of the defective highway, which was the cause of the plaintiff's injury.   The exclusion of this testimony involved the exclusion of that set forth in the second and third reasons of appeal.   The court erred in not considering the possible relevancy of that evidence to the question of acceptance.

The question of its relevancy and materiality in case any evidence of dedication and acceptance had been admitted, was not passed upon.

There is error in the judgment of the Superior Court and a new trial is ordered.

In this opinion the other judges concurred.