Davis, J.
There was a misjoinder in this action. In the amended petition the complaint against the lot-owner is that he maintained upon his premises a dangerous' pit, which encroached upon the sidewalk; and that he wrongfully and negligently failed to guard the same by barrier, light or other precaution. This is not complained of the village and manifestly does not affect or concern it. The charge against the village is that it knowingly permitted the sidewalk to be in a dangerous condition, without any barrier between it and the pit or retaining wall on the abutting premises. This is an entirely different cause of action from that alleged against the abutting owner; and, if both were sustained by the evidence, they would at best be only concurrent and not joint acts. Morris v. Woodburn, 57 Ohio St., 330. The plaintiff below relied chiefly on City of Peoria v. Simpson, 110 Ill., 294. The averments in that case present a condition of facts widely differing from this case; and the court expressed doubt as to the result reached. But the court stated the law very correctly and concisely, as follows: “Undoubtedly the rule is for separate acts of trespass: separately done, or for positive acts negligently done, although a *273 single injury is inflicted, the parties cannot be jointly held liable to the party injured. If there is no concert of action — no common intent— there is no joint liability. This rule is very well settled by authority. Hilliard on Torts, Sec. 10, p. 315; Little Schuylkill Nav., Railroad & Coal Co. v. Richards’ Admr, 57 Pa. St. 142: Shear & Redf. Neg., 58; Bard v. Yohn, 26 Pa. St.. 482. But a different principle applies where the injury is the result of a needed: to perform a common duty resting on two or more persons, although there may be no concert of action between them. In such cases the party injured may have his election to sue all the parties owing the common duty, or each separately, treating the liability as joint or separate.”
In the case which is now in hand, the overruling of the demurrer for misjoinder made it necessary for the defendants to make separate answers and to make separate defenses on the trial, which nevertheless resulted in a joint verdict and a joint judgment against the defendants, although not a scintilla of evidence appears in the record to show that the sidewalk itself was in any way dangerous or defective so as to have contributed • to the plaintiff’s injury, or that the “pit” or wall over which the plaintiff fell was so near to the sidewalk as to make the ordinary and proper use of the sidewalk dangerous; and, although not a scintilla of evidence appears that the lot-owner “encroached” upon the sidewalk or even approached it within six feet of his own property line. Nor does it appear that the lot-owner maintained a nuisance as alleged, but rather *274 that the condition of things which existed there was' forced upon him by the construction of a railroad and the acts of the village, whereby the street in front of his lot was raised several feet and he built the retaining wall six feet within his property line to protect his own property. At a distance of one foot and a half within the propert}^ line was a row of fence posts on which at a former period wires had been strung. This situation had existed since about the year 1883; and it must be apparent, therefore, that the precipice, five or six feet high, caused by the retaining wall, was not so near to the sidewalk as to make the ordinary use of the street or walk at all dangerous. The demurrer for misjoinder of parties should have been sustained.
The circuit court reversed the judgment against the abutting lot-owner, Holden, for several reasons, one of them being that the judgment was “contrary to all the evidence as to the said Charles E. Holden.” Under the ruling in Wetzell v. Richcreek, 53 Ohio St., 62, which states the settled practice of this court, this judgment of the circuit court is not reviewable; but inasmuch as the contentions of the plaintiff in error have necessitated an examination of the whole record, it is not improper to say that we have discovered nothing which would make it clear that the circuit court erred in its judgment as to Holden.
In the further consideration of this case it will be necessary to go back and bring into view a few other undisputed facts, which have not yet been mentioned. Along the east side or front of the Holden lot runs High street and the sidewalk *275 already spoken of. Between the street and the sidewalk is a retaining wall, varying in height from six to twenty-four inches. The sidewalk is of plank and five feet wide. Between the sidewalk and the retaining wall over which the plaintiff fell, for a distance of about six feet, is a grass plot or sod. The lot below is, and always has been, used as a flower garden. A railwav track crosses High street diagonally in front of part of this lot and from near the point where the railway track crosses the east sidewalk on High street, a brick crossing, more than five feet wide, extends diagonally across High street, where it intersects the west sidewalk on High street and the sidewalk on Center street at the ’northeast corner of the lot in question. Center street extends along the north side of the lot.
The plaintiff had lived in the village, and only two squares away from the place where she was hurt, for twenty-three years; and she had never lived farther away than one-half mile from the village. She declares that she did not know of the conditions as we have described them; yet she knew them well enough and had sufficient confidence in the accuracy of her knowledge, to leave her home alone,, between six and seven o’clock on the evening of the 8th of February, to visit a friend living on Center street. It was a dark evening, and unaided by any other light than that shining from the windows of dwelling-houses along the way and a few business places' on High street, she made her way along the street on which she lived to High street and along the east side of High street to the brick crossing near the *276 railway. If .she had continued along the brick crossing she would have reached the sidewalk on Center street without danger from the “pit” or precipice and without injury; but she departed from the crossing and went directly across High street over the rough and frozen ground of the unpaved street, over the low retaining wall between the roadway and the sidewalk, across and not along the sidewalk, between the posts on the abutting owner’s ground, at a point about forty feet south from the corner at Center street. She continued' on over the sod and over the wall, — where she fell.
Now if it be conceded that it was the duty of either or both of these defendants to protect travelers along the highway or the sidewalk, and that is as much as can plausibly be claimed, it must be apparent that the omission of that duty was not the proximate cause of the plaintiff’s injury. See Sparhawk v. City of Salem, 1 Allen (Mass.) at p. 30. Her injury did not result from any defect in the street, nor from any excavation, pit or precipice in such proximity to the street as to endanger travelers thereon. It was caused wholly by her act of leaving a safe way in the street, crossing the street and sidewalk and straying upon private property. There was no obligation resting upon the village to prevent her from going outside of the street, the dangerous place being outside of the street and not so near as to endanger those using it in the ordinary and proper way. Its obligation is to keep the streets open and in repair and free from nuisance; and its liability extends no farther than the neglect of *277 such duty. Furthermore, the owner of adjacent property, unless expressly so required.by statute, is not bound to keep the street or sidewalk in repair and safe for travel, except as to defects created by himself; nor is he under any legal obligation to erect and maintain barriers to protect travelers on or along the street from a dangerous place which is entirely on his own premises, unless the place is so near the street as to render the street, or sidewalk thereon, itself dangerous for travel. In the latter case it is the duty of not only the abutting owner, but of the municipality also, to see that travelers on the street are warned or protected. These, propositions are generally recognized as sound law, and the authorities are so numerous and so readily accessible that it is not thought to be necessary to cite them here. But in determining whether it is necessary, in a particular case, that a barrier should be erected in order to make the highway safe for travelers thereon, the true test is not the distance from the highwav of the dangerous object or place, whether it be much or little: but whether a traveler in passing along the highway and exercising ordinary care would be subiected to such imminent danger that it would require a barrier to make the highway safe. Kelley v. City of Columbus, 41 Ohio St. 263, 268: Alger v. City of Lowell, 85 Mass., 402, 405; City of Norwich v. Breed, 30 Conn.; 544, 545.
In this case the retaining wall was lawfully constructed and maintained by the abutting lot-owner for his own protection: and It is manifest that it could not be dangerous ' to persons using the *278 sidewalk for its appropriate purpose and with ordinary care, especially with the warning line of posts standing eighteen inches from the sidewalk and with four and a half feet of safe ground beyond that to the retaining wall. The situation continued like that from 1883 to the time of this accident on February 8, 1904, without a single case of a traveler on the street being injured by the “pit” or precipice, at least none such is mentioned in the record. Can it be said that a traveler on or along that street was in anv probable danger while he was exercising ordinary care? If not, neither the abutting owner nor the village was, as a matter of law. under anv obligation to erect a fence which would nrevent anv and everybody from getting outside of the street line, whether passing along the street or voluntarily crossing and goino m thp direction of the precipice. Glasier v. Town of Hebron, 131 N. Y., 447; McHugh v. City of St. Paul, 67 Minn., 441; Hardcastle v. South Yorkshire Ry. Co., 4 Hurlstone & Norman (Exchequer) R., 67.
The plaintiff was moreover guiltv of negligence which directly contributed to the disaster of which she complains'. We have already traced her course from her home to the scene of the accident, as she has disclosed it herself. As a witness she seems to have tried to leave upon the minds of the court and jury the impression that she was ignorant of the geography and conditions' in the neighborhood of the Holden lot; yet she knew of the brick crossing in the street, and knew when she came to it, and knew that she was crossing the street on the rough and frozen ground. She *279 says she knew that there was a step at the end of the brick crossing at the .corner of High and Center streets, which appears to have been only a few inches high, and thought when she went over the retaining wall between the roadway and the sidewalk, that it was that step at the end of the brick walk. It was a dark evening, yet she knew when she came to the brick crossing. If she did not know when she departed from it, she had warning enough in the nature of the ground and the obstacles which she encountered to have caused an ordinarilv prudent person, under those circumstances', to have stopped and gotten the bearings. Either carelessly or for her own fancied convenience, she departed from the safe way when she left the brick crossing and went heedlessly on across, and out of, the street to her fate. City of Dayton v. Taylor, Admr.) 62 Ohio St., 11.
It is' argued that it was the province of the furv to find thus and so, and that we are concluded by its findings; but this argument ignores the fact that the court was asked to direct a verdict 'for the defendants, which it refused to do; and thereby it becomes a question of law, whether upon the undisputed facts the judgment below is justified. Our conclusion upon the whole case is, that the plaintiff has not shown a cause of action against the defendants or either of them; and therefore the judgment of the circuit court as to the defendant Holden is affirmed and the cross-petition of the defendant in error, Martha A. Gilbow, is dismissed; and the judgment of the circuit court and that of the court of common pleas *280 as to the village of Mineral City are reversea and final judgment is rendered for the village.

Reversed.

Crew, C. J., Summers and Shauck, JJ., concur.