## ANNIE M. SMITH *vs.* THE TOWN OF MILFORD.

Third Judicial District, Bridgeport, October Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The mere fact that a pedestrian on the highway, who was injured by falling into an excavation three feet and a half outside the highway limits, knew in a general way of the excavation and its location, is not conclusive evidence of his negligence. Whether he exercised reasonable care or not at the time of his accident, is generally a question of fact dependent upon all the circumstances. So, too, the fact that the injured person knew of another route which he could have taken, while relevant evidence upon the question of his due care, is not conclusive.

One lawfully using the highway and encountering an obstacle therein, may nevertheless proceed if that be consistent with reasonable care.

Under General Statutes, § 2020, as amended by chapter 168 of the Public Acts of 1909, a highway may be "defective" for want of a railing or fence, if such a barrier be necessary to the safety of travelers, notwithstanding the conditions which give rise to such necessity exist outside of the limits of the highway, provided they are in close proximity to it.

The question whether the source of danger is sufficiently near the highway to render travel upon it unsafe unless guarded against, is a practical one to be decided by the good sense and experience of the trier; for the law does not undertake to draw the line at any particular number of feet or inches.

To render a town liable for a "defective" highway because of an excavation near it made by a third person, the municipality must have had notice of the defect. Such notice may be actual, or may be presumed from an existence of the defect for such a length of time as to render it notorious.

In the present case the defendant town offered to show that in the ordinary use of the highway for many years no accident had occurred at the place where the plaintiff was injured. *Held* that this evidence was properly excluded as irrelevant; and that its admission would have given rise to collateral issues of no importance to the trier.

The general policy of this State, as shown by its legislation, is to impose the duty on each municipality to keep in repair the highways within its limits, under penalty of liability to pay damages to persons injured through defects therein.

Argued November 5th—decided December 21st, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the plaintiff for $1,750, and appeal by the defendant. *No error.*

The complaint contained two counts. The first alleged that a portion of a certain highway, used as a sidewalk at the place where the plaintiff was injured, was so raised above the adjoining ground as to endanger the safety of travelers thereon without a railing or fence upon the side of the highway so elevated, which it was the duty of the defendant to provide. The second count alleged that the existence of an excavation immediately adjacent to the portion of the highway which was used as a sidewalk rendered this highway defective and dangerous without a railing or fence to protect travelers in their use of the highway.

The trial court, from a personal view of the premises, and the evidence, found the issues for the plaintiff.

As found the material facts were as follows: West Town Street in the town of Milford is a public highway, and has been a public highway for many years. Prior to 1894 it crossed the railroad tracks of the New York, New Haven and Hartford Railroad Company at grade. About 1894 the railroad company, in installing its four-track improvement through Milford, eliminated West Town Street grade-crossing, and diverted West Town Street, at the point of intersection with the railroad, to the west, so that West Town Street passed under the railroad tracks at a bridge just to the west of the grade-crossing. The railroad company owns the land immediately east of West Town Street. In making the improvements about the year 1894 it excavated upon its own land, and made the embankment that is the cause of this litigation.

This excavation and embankment are in substantially the same condition as they were at the time they were made.

The street or passageway leading from West Town Street in an easterly direction and immediately to the north of the railroad tracks is a private way, owned by the railroad company. This path divides, a small and narrow path continues straight along, and a wider path turns to the west. The plaintiff intended to proceed along the narrow path, but when she got some little distance beyond the point where the path divides, she suddenly and accidentally, in consequence of the want of a railing at that place, stepped off the embankment and fell. The excavation or hole was about three and one half feet from the path upon which she was walking when she fell.

West Town Street, at and near the place in question, is commonly used only by people who have occasion to go from that part of the outlying districts of the town to the freight-station of the railroad, to a manufacturing concern, or to the passenger-station. The sidewalk at this point is also commonly used only by pedestrians for the same purposes. West Town Street branches west at this point, and the main bulk of the travel proceeds under the railroad track toward the center of Milford. This street, at the point where the plaintiff was injured, was unsafe for the want of railing or fence.

At about five thirty o'clock in the evening of December 24th, 1913, the plaintiff started to take the train that left Milford depot at five minutes of six, and was proceeding in a southerly direction along the path on the east side of West Town Street. She had lived in the town of Milford for about seven years. From the first day of April, 1913, to the time of the accident she had lived about two and a half or three city blocks to

the north of this excavation. Prior to that time she had lived a little further away from this place of her injury, but in the same section of the town. She was acquainted with and knew in a general way about this excavation, and knew that there was no rail or fence there, having been there with her children. She had passed over this place and this sidewalk at least twice before. Upon the night in question she knew, in a general way, about the situation there, and had it in mind and knew that it was a dangerous place, especially in the night-time, but she was not conscious that it was as near the sidewalk as it was. She was walking slowly because it was dark, and was not aware that she was so near the embankment until she fell.

The evening the plaintiff was injured was a clear, dark night, there being no moon, but the stars were shining, and there were no lights sufficiently near the place of the accident to light the street or walk at this place. The plaintiff allowed herself plenty of time to reach the railroad station. She was walking slowly and paying attention to the sidewalk, and was in the exercise of due care, and not negligent, when the accident happened. There was no street light to light the sidewalk at this place, and the plaintiff did not see the embankment. The excavation had been in practically the same condition as at the time of the accident for about twenty years. The selectmen of Milford had knowledge thereof for a long time prior thereto, but nevertheless did nothing to protect travelers from the excavation, and at the time of the accident the sidewalk was not protected.

*Robert C. Stoddard* and *Samuel A. Persky*, for the appellant (defendant).

*Omar W. Platt*, for the appellee (plaintiff).

RORABACK, J. The appellant assigned several errors of law in its reasons of appeal, among which was the following: "The facts set forth in the finding do not support the conclusion reached in the second subdivision of the finding, because it appears from the subordinate facts set forth in the finding that the plaintiff went upon this sidewalk with full knowledge of its condition, and knowing that there was no railing there, and that at the time it was dark and she could not see her way, and that there was another path of which the plaintiff had full knowledge which was absolutely safe, and by which she could have reached her destination without loss of time."

The defendant also assigned various errors in overruling certain claims of law made by it in the finding as made, and the evidence material to these points was made part of the record. One reason of appeal relates to a ruling made upon the rejection of certain evidence.

The defense, that there was contributory negligence on the part of the plaintiff, rests largely on the fact that she was familiar with and knew of this excavation which was the cause of her injury, and that she ought to have avoided falling into it.

The fact that Mrs. Smith knew, in a general way, about this excavation, and knew that there was no fence or railing there, is not conclusive evidence that she was negligent in attempting to pass it. A person who, in the lawful use of the highway, meets with an obstacle, may yet proceed if it is consistent with reasonable care so to do. This is generally a question of fact, depending upon the nature and location of the obstruction and all of the circumstances surrounding the party at the time. So, too, the fact that the plaintiff might have taken another path than the one she was traveling when injured. This, as in the former case, is relevant evidence upon the question of due care, but not

conclusive. *Congdon* v. *Norwich*, 37 Conn. 414, 420; *Carstesen* v. *Stratford*, 67 Conn. 428, 433, 434, 35 Atl. 276.

By reason of the darkness the plaintiff could not see where she was going, and without any warning, accidentally, in consequence of the want of a railing at that place, stepped off the embankment and fell. She had a general knowledge about the situation at this place, and was walking cautiously because it was dark, but she was not aware that she was so near the embankment until she fell and was injured. In *Mahoney* v. *Metropolitan Railroad Co.*, 104 Mass. 73, 75, it was held: "The fact that the plaintiff saw the obstruction created by the defendants, and knew its dangerous character, is not conclusive proof that he was negligent in attempting to pass it. A person who, in the lawful use of a highway, meets with an obstacle, may yet proceed if it is consistent with reasonable care so to do; and this is generally a question for the jury, depending upon the nature of the obstruction and all the circumstances surrounding the party. In the case at bar, if the plaintiff had reasonable cause to believe that he could pass the obstruction in safety, and used reasonable care in the attempt, he is entitled to recover."

As already stated, the complaint sets forth two causes of action. The first count is based upon § 2019 of the General Statutes, which points out that "the party bound to maintain any bridge or road shall erect and maintain a sufficient railing or fence on the side of such bridge, and of such parts of such road as are so made or raised above the adjoining ground as to be unsafe for travel; and whoever shall suffer damage in his person or property by reason of the want of any such railing or fence may recover damages from such party."

The second count is based upon an alleged liability of the town under the provisions of chapter 168 of the

Public Acts of 1909, p. 1099. This Act, which amends § 2020 of the General Statutes, in part provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." Section 2013 of the General Statutes in part provides that "towns shall, within their respective limits, build and repair all necessary highways and bridges."

It appears that the excavation in question was outside of the limits of the highway, but was within about three and one half feet of the sidewalk. The defendant contends that, upon the facts as stated in the finding, West Town Street was not unsafe for travel within the meaning of § 2019 of the General Statutes, and the defendant was not required to maintain any fence or railing at the place where the plaintiff was injured; that West Town Street, at the place in question, was not defective within the meaning of § 2020 of the General Statutes.

It is apparent from the course of legislation, general and special, that the general policy of the State implies the imposition of a duty on each municipality to keep in safe repair the highways within its limits, under penalty of liability to pay damages to persons injured by means of a defect in the highways. The exceptions to this policy under existing statutes are few. *Makepeace* v. *Waterbury*, 74 Conn. 360, 363, 50 Atl. 876.

"The State undertakes to make the highway reasonably safe in view of its proper use, and of those events which may naturally be expected to arise as incident to that use, by the traveling public. It does not undertake to make it safe in view of culpable negligence by the traveling public, whether it be that of the person hurt or his fellow-traveler, nor to make it safe in view of every event that may possibly happen. The indemnity given by the State is provided upon consideration

of the exposure of travelers and their property to dangers by the proper use of a highway, which is defective in view of events naturally connected with and incident to its use." *Upton* v. *Windham*, 75 Conn. 288, 292, 53 Atl. 660.

"The general meaning and effect of § 2020, read in connection with § 2013, is well settled, and is this: The person on whom the State imposes the duty of executing, in respect to any highway, its function of maintaining in safe condition the avenues for public travel, shall be liable to a penalty for neglect of that duty, whenever injury happens to a traveller by means of a defect in the highway chargeable to such neglect." *Lavigne* v. *New Haven*, 75 Conn. 693, 700, 701, 55 Atl. 569.

The defect complained of in the second count was the want of a railing. The trial court has found that the want of a railing necessary to the safety of travelers was a defect in the highway for which the defendant town was liable. If a railing is lacking when one is necessary to the safety of travelers, the traveled way is surely rendered unsafe and out of repair, and it makes no difference whether the necessity for a railing is created by the condition of things within the limits of the way, or without the limits but in close proximity to the way. In either case the question is, does the safety of the traveler require a railing?

"It has been frequently contended that nothing which was without the highway could have that effect. This court has, however, held that there might be situations where the source of danger, although situated without the way, was of itself so direct a menace to travel over the way and so susceptible to protection or remedial measures which could be reasonably applied within the way, that the failure to employ such measures would be regarded as a lack of reasonable repair."

*Udkin* v. *New Haven,* 80 Conn. 291, 297, 68 Atl. 253. See, also, *Crogan* v. *Schiele,* 53 Conn. 186, 1 Atl. 899, 5 id. 673; *Beardsley* v. *Hartford,* 50 Conn. 529, 538; *Norwich* v. *Breed,* 30 Conn. 535, 549.

The law of Massachusetts on this subject, as stated in the case of *Puffer* v. *Orange,* 122 Mass. 389, 391, is this: "A town is bound to erect barriers or railings, where a dangerous place is in such close proximity to the highway as to make traveling on the highway unsafe. . . . But it is not bound to do so, to prevent travelers from straying from the highway, although there is a dangerous place, at some distance from the highway, which they may reach by so straying." In *Warner* v. *Holyoke,* 112 Mass. 362, 367, the court says: "The law has nowhere undertaken to define at what distance in feet and inches a dangerous place must be from the highway, in order to cease to be in close proximity to it. It must necessarily be a practical question, to be decided by the good sense and experience of the jury."

It seems to us that this is the only practical rule that can be adopted; and that as a general rule it is for the jury to say, in the concrete case, whether the place is sufficiently near the highway to render the traveling upon it unsafe unless guarded against, and that, as said in *Adams* v. *Natick,* 95 Mass. (13 Allen) 429, 432, this "must be determined by the character of the place or object between which and the traveled road it is claimed that the barrier should be interposed." As said by Hoar, J., in *Alger* v. *Lowell,* 85 Mass. (3 Allen) 402, 405: "The true test is . . . not whether the dangerous place is outside of the way, or whether some small strip of ground not included in the way must be traversed in reaching the danger, but whether there is such a risk of a traveler, using ordinary care, in passing along the street, being thrown or falling into the danger-

Smith *v.* Milford.

ous place, that a railing is requisite to make the way itself safe and convenient."

The Massachusetts doctrine was based upon a statute which at that time provided that "highways . . . shall be kept in repair . . . so that the same may be reasonably safe and convenient for travelers." Public Statutes (1882, p. 347), Chap. 52, § 1.

Our statute (§ 2020) provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."

The excavation in question was the act of a third person, and for such acts, in the absence of negligence, the defendant was not liable. If, however, it appears that the defendant town had notice of the defect, it was bound to so guard the excavation as to protect the traveler from injury, and for a negligent omission of this duty it was responsible. While there was no evidence or finding that the town had received any direct notice of the defect, yet actual notice need not be shown. If the defect had continued such a length of time as to become notorious, and to justify the presumption that its existence was known to the agents of the party charged with the duty of keeping the street in repair, notice will be presumed. *Dean* v. *Sharon*, 72 Conn. 667, 672, 45 Atl. 963.

There is nothing in the facts found inconsistent with the conclusion of the trial court that the way in question was defective within the meaning of chapter 168 of the Public Acts of 1909, which amends § 2020 of the General Statutes.

The exceptions to the finding upon the question of contributory negligence are without merit. The evidence fairly shows, as the court below has found, that the plaintiff was in the exercise of due care when she was injured.

The Superior Court properly reached the conclusion that the plaintiff was entitled to recover upon the second count of her complaint. We have no occasion to now determine whether or not she has a good cause upon the first count. Both counts depend upon the same transaction. While two causes of action were set up as the basis of her right to recover damages for her injuries, there was but one recovery claimed, and but one could be obtained.

The defendant upon its defense offered evidence to prove: "That the sidewalk along which the plaintiff proceeded at the time of her accident has been in substantially the same condition from the time said railroad made said excavation to the present time, and that pedestrians have used said sidewalk in going to and from the center of the village and for the same purposes that the plaintiff was using it, and there has never been an accident there until the plaintiff was hurt."

The evidence offered that "there had never been an accident there until the plaintiff was injured" was properly excluded. This evidence merely tended to show that in the ordinary use of the highway for many years no accident had occurred at this place. It does not appear that the conditions surrounding these different instances were substantially similar to those of the present case; hence such evidence was irrelevant. If admitted, it would have tended to raise collateral issues of no importance to the trier. *Taylor* v. *Monroe*, 43 Conn. 36, 43; *Lutton* v. *Vernon*, 62 Conn. 1, 8, 23 Atl. 1020, 27 id. 589.

There is no error.

In this opinion the other judges concurred.