## JULIA FRANCIS HAYWARD

*vs.*

## CARL H. HIPP AND JOSEPH GOLDEN

Superior Court          Litchfield County          File No. 10496

MEMORANDUM FILED MARCH 9, 1942.

*Robert Sullivan,* of New Milford, for the Plaintiff.

*Blodget, Schaefer & Ells,* of Winsted, for the Defendants.

McEVOY, J.  In this action the plaintiff seeks to recover damages from the two defendants for injuries claimed to have been sustained by her by reason of a fall on a sidewalk on Bank Street, in New Milford.  The sidewalk adjoins and is appurtenant to the property of the two defendants.  It was constructed by the defendants or their predecessors in title.  It was not constructed by the Town of New Milford.

On March 20, 1847, the selectmen of the Town of New Milford gave legal notice to all interested parties and then laid out a highway which includes the territory within the confines of the present Bank Street, upon which the property and buildings of the two defendants abut.

Ever since that time the public, as pedestrians, have made continuous and uninterrupted use of the space now covered by the present sidewalk.

On the 16th day of June, 1902, for a valuable consideration, all of the adjoining property owners conveyed to the Town of New Milford all their right, title and interest in or to a certain parcel of land in the town and village of New Milford, which is inclusive of the premises upon which the sidewalk in question now stands.

In that deed, which was duly recorded on June 25, 1902, in the office of the town clerk of the Town of New Milford, it was specifically provided that the premises so conveyed were to be used for highway purposes and the releasors, the property owners who signed that deed, also inserted the provision that they did then "dedicate to said town of New Milford [the said premises] for highway purposes only."

Ever since 1902 the general public has, uninterruptedly, continued to use, for pedestrian purposes, the premises upon which the sidewalk then was and is now located.

As to the question of liability—the main contention between these parties seems to arise out of the fact that the town did not originally install the sidewalk and that the town has at no time made any repairs to this walk.

The adjoining property owners, all along Bank Street, installed the walks and made the repairs upon them.

"A sidewalk in a street commonly used as such by the public for a course of years is none the less a sidewalk because it was planned and built by private enterprise. . . . There is nothing in the suggestion that had the General Assembly intended not only to charge the duty of repairing sidewalks on the borough but to subject it to actions for damages suffered from a defect of repair, an express provision to that effect would have been made. Such has not been our legislative practice." *Hillyer vs. Winsted*, 77 Conn. 304, 308, citing *Lavigne vs. New Haven*, 75 Conn. 693, 698.

Sidewalks are a part of the highway, and cannot be distinguished in respect to their construction, maintenance and care, from the rest of the highway. *State vs. McMahon*, 76 Conn. 97, 100.

"Highways are established by the State (1) through the direct action of the legislature; (2) through authorized proceedings involving an application to a court; (3) through authorized proceedings by agents appointed for that purpose, such as selectmen of towns and specified authorities of cities and boroughs; (4) through private dedication of land for that purpose and its acceptance by the public." *Makepeace et ux. vs. Waterbury*, 74 Conn. 360, 361.

"The existence of highways established through dedication is proved by evidence directly showing a gift of the owners of

land for that purpose, or such action of the owners, or failure to act, as equitably estops them from denying such gift, and by evidence showing such conduct by the public in the use of land so dedicated, continued for such a time and under such circumstances as establishes an acceptance by the public." Id. p. 362.

"The governmental duty and penalty for neglect is imposed upon all towns, except in cases where a particular person is bound to keep the highway in repair." *Seidel vs. Woodbury,* 81 Conn. 65, 67.

"It is true that there was no duty resting upon the Hotchkiss Company [an adjoining property owner] to keep the sidewalk in front of its premises in a reasonably safe condition for public travel." *Hanlon vs. Waterbury,* 108 Conn. 197, 199.

"The duty of the city was to use reasonable care under all the circumstances, to make this walk reasonably safe. This was a primary duty which the city could not delegate to or impose upon a third party, whether by contract or ordinance." *Kristiansen vs. Danbury,* 108 Conn. 553, 559.

Upon this phase of the issues the plaintiff relies upon two cases: *Crogan vs. Schiele,* 53 Conn. 186, and *Lindblade vs. United States Rubber Co.,* 102 id. 396.

In the *Crogan vs. Schiele* case the cause of danger from which the injury resulted existed upon private land which adjoined a public highway and liability of the defendant property owner was based upon the proposition that where a person has so made the way leading to a building on his premises as to invite people to pass along the way to such building, he is bound to keep the way clear of dangers.

In the *Lindblade* case it was held that the facts alleged constituted a cause of action under the recognized principle that an owner who invites the public to use his premises as they would public ways, becomes obligated to exercise reasonable care to protect them from injuries due to defects therein.

On April 2, 1941, at about the middle of the afternoon, the plaintiff, while walking on that sidewalk, stepped into a small defective portion of the sidewalk; fell down, and, by reason of the fall, was injured.

This defect was a small and jagged hole and had existed for nearly two years prior to the date of the plaintiff's injury. The location of the defect was such that it was and should have

been readily apparent to anyone using that sidewalk in the exercise of reasonable care.

There were no shadows or obstructions which would tend to conceal it or make it less apparent and there was nothing in the environment which would in any way tend to prevent any casual user of the sidewalk from observing its location and condition.

At the time of the injury to the plaintiff there was no congestion upon the walk nor was there any circumstance which would then have tended to distract the attention of the plaintiff from the place in which she was walking.

In company with, and at the request of the respective counsel, the presiding judge visited the premises in question at a time during the day which corresponded, substantially, to the time and to the weather and sun conditions which existed at the time of the plaintiff's injury. This view of the premises tends to strengthen the conclusion that the claimed defect was readily apparent to any casual user of the sidewalk and that anyone in the exercise of reasonable care as a pedestrian upon the sidewalk would and should have reasonably observed it.

Prior to the date of her injury the plaintiff had resided in New Milford for about four years and had used the sidewalk at and along the place in question three or four times a month.

The injury to the plaintiff resulted, proximately, from her failure to exercise reasonable care.

The issues are found in favor of the defendants.

Judgment may enter for the defendants and for them to recover their costs.