[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Nicholas Scalia and Ahison Esposito, by way of an amended complaint dated February 9, 2002, have instituted an action for property damage to their automobiles against the defendants Town of East Haven and Kevin White. The defendant White, at all times mentioned herein was the Director of Public Works and Town Engineer for East Haven.
The amended complaint contains three counts. Counts One by Scalia and Two by Esposito are directed to the defendant White and are identical in that each count alleges negligence by White, under whose direction the Public Works Department was conducting road repair and road construction on Bradley Street in the Town of East Haven. Count Three is directed to the Town of East Haven claiming indemnity from East Haven for the negligent acts White and/or his agents and employees as set forth in Counts One and Two of the amended complaint. Count Three is brought pursuant to General Statutes § 7-465.[1]
The defendants have filed an Answer and Special Defenses dated April 4, 2001 denying negligence and pleading "governmental and/or statutory immunity and contributory negligence by the plaintiffs. Additionally, prior to trial[2], during trial and in its memorandum of law to the court, the defendants have continued to maintain that the plaintiffs' claim should have properly been instituted pursuant to General Statutes § 13 a-149[3] regarding claims for damages resulting from injury to persons or property by means of a defective highway or bridge.
For purposes of background, a brief discussion of the procedural history of the present matter is pertiment. The action was originally filed in the Small Claims court by the plaintiffs against the Town of East Haven only. Thereafter, pursuant to Practice Book § 24-21 the matter was transferred to the regular docket at the defendant East Haven's request. Following the court's (Jones, J.) granting of the defendant East Haven's motion to strike the original complaint on January 31, 2001, the plaintiffs filed their amended complaint and a motion to CT Page 15481 cite in White as an additional defendant. The defendants East Haven and White then moved to dismiss the action for the plaintiffs failure to maintain the action pursuant to General Statutes § 13 a-149, claiming that the plaintiffs' exclusive remedy was this highway defect statute. The court (Devlin, J) denied the defendants' motion to dismiss on March 27, 2001, stating in one sentence, "The plaintiff alleges damages arising from an unauthorized excavation of private property and is not making a claim under the highway defect statute."
Thereafter, the defendants filed their answer and special defenses as aforementioned, and the plaintiffs on June 4, 2001, claimed the matter as a non-jury court trial. A one day trial was held before the court on August 29, 2002. Subsequent to the completion of testimony and evidence, each party submitted several memorandums of law to the court, the last of which was received on September 12, 2002.
The court finds that the plaintiff Nicholas Scalia had resided at 665 Bradley Street in East Haven for 36 years at the time of the incident, which occurred on December 15, 1999. The plaintiff, Allison Esposito is the daughter of Mr. Scalia, and resided at 226 Laurel Street, also in East Haven.
For several days prior to, and including, December 15, 1999, the Public Works Department of East Haven, under the direction and supervision of the defendant White, who was the Town Engineer and Director of Public Works, was in the process of working on a and re-surfacing the roadway for the drainage project, the defendants a portion of the plaintiff Scalia's driveway and driveway apron, which were immediately adjacent to the roadway, were cut into. This resulted in a variation of surface heights of approximately 4 inches between the driveway apron surface and street surface, where the two surfaces adjoin each other. The plaintiff Scalia was aware of this height difference when he returned from an errand on December 15, 1999. He testified that he saw orange colored highway cones at uneven surface areas. However, when Scalia drove his car into his driveway on his return trip, he allegedly scraped the bottom of his car, damaging his muffler. Said damage was in the amount of $249.84 according to a written estimate of repair dated January 24, 2000. The plaintiff also testified that he sustained damages for a crack in his oil crankcase, which he had repaired in April, 2000, at a cost of $344.17. An additional auto part called a "valance" also had to be replaced at a cost of $41.90 on January 27, 2000.
The plaintiff Esposito visited her father, Scalia, on December 15, 1999 at approximately 8:00 P.M., and allegedly scraped the bottom of her automobile at the area where the driveway apron surface adjoined the road CT Page 15482 surface. She claims to have had an estimate of the damage completed at "Twin Lights" auto repair facility. However, said written estimate was never entered into evidence as an full exhibit, and Esposito testified that she never had the damage repaired. Esposito also testified that she was aware of the ongoing construction at the location of Scalia's driveway.
The plaintiff, Scalia claims he made several complaints to the Town of East Haven regarding the uneven road surfaces at the end of his driveway. However, Sergeant Butler of the East Haven Police Department testified that the first recorded complaint by Scalia was on January 24, 2000, more than a month later, and coincidentally, on the same day that Scalia obtained a damage estimate for his muffler. Butler could not see underneath Scalia's auto to view the alleged damage. Butler then notified the Public Works Department regarding Scalia's complaint, and the Public Works Department arrived and delivered crushed stone to the area in order to level the surface between the street and the driveway. Butler testified the difference in surface heights on January 24, 2000 was 1 to 2 inches. He testified that signs were posted warning motorists that the road was under repair, and Butler said that the repair area of Scalia's driveway was 6 feet in length in from the street surface.
The defendant White testified that the Town of East Haven owned all driveway aprons by virtue of the fact that the Town has a fee interest in all land within 10 feet of either side of the roadway surface. The plaintiff does not dispute this testimony and the court finds it to be proven.
The court finds that the plaintiffs' testimony and allegations regarding the incident on December 15, 1999 are not credible, and that they have failed to prove by a fair preponderance of the evidence that the defendant White was negligent in as Town Engineer and Director of Public Works, in his supervision of road and drainage construction at the plaintiff Scalia's premises. Scalia was aware of the surface height differences as he passed over the area leaving on his errand on December 15, 1999 and did not scrape his auto. It was only on his return trip that day that he claims to have damaged his muffler. The first record of any complaint to the Town of East Haven by Scalia was January 24, 2000, more than one month later. Scalia claims not to have driven his car down his driveway in that more than one month period of time, and that his car remained garaged, which the court does not find credible. The first documented evidence of any damage to the oil crankcase of Scalia's car was in April, 2000, over four months following December 15, 1999. The court finds that Scalia has not sustained his burden of proof by a fair preponderance of the evidence that the defendant White was negligent or CT Page 15483 that any negligence by White was the proximate cause of any damage to the auto owned by Scalia.
Regarding the claim of the plaintiff Esposito, she has failed to sustain her burden of proof that she, in fact, sustained any damage by virtue of any alleged negligence by White. As noted, no repair bill or written estimate for property damage was ever submitted to the as a full evidentiary exhibit for the court's review and consideration.
Additionally, after reviewing the testimony and evidence presented at trial, the court agrees with the defendants that the plaintiffs' sole and exclusive remedy for injuries or damages against a municipality for a defective road or bridge was an action pursuant to § 13a-149. Steele v. Stonington, 225 Conn. 217 (1993); Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192 (1991). General Statutes § 52-557n
provides that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to § 13a-149." The plaintiffs argue that this issue was settled when the court (Devlin, J)denied the defendants' motion to dismiss on March 27, 2001, stating in one sentence, "The plaintiff alleges damages arising from an unauthorized excavation of private property and is not making a claim under the highway defect statute," and therefore the court's ruling became the law of the case.
The court begins . . . with a review of the law of the case doctrine. That doctrine provides that "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Forte v. Citicorp Mortgage, 66 Conn. App. 475, 480-81,784 A.2d 1024 (2001); quoting Breen v. Phelps, 186 Conn. 86, 99,439 A.2d 1066 (1982). "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . According to the generally accepted view, one judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 481; quoting Breen v. Phelps, supra, 186 Conn. 99.
The evidence at trial reveals that the Town of East Haven controlled all driveway aprons by virtue of the fact that the Town has a fee interest in all land within 10 feet of either side of the roadway CT Page 15484 surface. The plaintiff, as mentioned herein, does not dispute this testimony and the court finds it to be proven. The court, therefore, finds that the plaintiffs' driveway apron and the excavation by the defendants, which proceeded approximately 6 feet into the plaintiffs' driveway was part of the roadway for the purposes of invoking § 13 a-149. In Smith v. Milford, 89 Conn. 24, 92 A. 675 (1914), the court, in commenting about an excavation which was outside the limits of the highway, but was within three and one half feet of the sidewalk, stated, "The State undertakes to make the highway reasonably safe in view of its proper use, and of those events which may naturally be expected to arise as incident to that use, by the traveling public. . . . The indemnity given by the State is provided upon consideration of the exposure of travelers and their property to dangers by the proper use of a highway, which is defective in view of events naturally connected with and incident to its use." "The law has nowhere undertaken to define at what distance in feet and inches a dangerous place must be from the highway, in order to cease to be in close proximity to it. It must necessarily be a practical question, to be decided by the good sense and experience of the jury." Id at 32. "The fact that the dangerous place was from eighteen to twenty feet from the traveled macadam way does not determine, as a matter of law, that the highway was not defective. Neither does the fact that the portion of the highway used for travel did not go within six feet [of the embankment] determine this. Its distance from the traveled way is a circumstance to be considered in determining whether the highway is reasonably safe for public travel." Horton v. MacDonald, 105 Conn. 356,362, 135 A. 442 (1926), Taylor v. Monroe, 43 Conn. 36, 45 (1875); Smith v. Milford, supra, 89 Conn. 32.
The plaintiff Scalia's driveway, where it abuts and adjoins the street, does fall within the definition of a bridge, highway or sidewalk. The plaintiffs' action should have been brought pursuant to General Statutes § 52-557n[4] and § 13a-149 and not pursuant to § 7-465. General Statutes § 13a-149 imposes a 90 day notice requirement on the plaintiffs. Said statutory notice to the East Haven requires that the plaintiffs describe the injury, the time and place of its occurrence and the cause thereof. The plaintiff Scalia sent no notice to the Town of East Haven, and the notice from the plaintiff, Esposito was received on March 27, 2000, which was more than 90 days following her claimed property damage which was alleged to have occurred on December 15, 1999. Her notice was, therefore, defective.
Accordingly, for all of the reasons set forth herein, the court enters judgment for the defendant White as to Counts One and Two and judgement for the defendant Town of East Haven as to Count Three. CT Page 15485
The Court
 By ___________________ Richard E. Arnold, Judge